GREEN v. IREDELL.

1. A refusal by the Circuit Judge to impose terms on granting leave to plaintiff to amend his complaint, will not be disturbed, unless an abuse of discretion appears. Where a sole legatee sought to recover the balance of her estate from arbitrators, and the executors are required to be made parties by amendment, in part for the protection of defendants, it is not an abuse of the Circuit Judge's discretion to permit such amendment without requiring the payment of costs by plaintiff.

2. The answer of executors having admitted their assent to plaintiff's legacy, and there being testimony to that effect (as found by the Circuit Judge), the assent is established.

3. A finding of fact by the Circuit Judge, that plaintiff had demanded an accounting before instituting her action, sustained.

4. Plaintiff, sole legatee and devisee under her father's will, and her brothers and sisters, joint beneficiaries of their uncle's estate, submitted

all the matters of both estates to the defendants as arbitrators, with power to sell and distribute. The arbitrators found the father's estate largely indebted to the uncle's, which was paid out of the father's property, estimating as a part of its assets a note for $575, due thereto by M., one of the brothers, and thus leaving a balance to the father's estate of $351. It afterwards appeared that M., who was insolvent, had previously assigned his interest in his uncle's estate, and the arbitrators had to pay $575 to such assignee, which they assumed to do out of some personal assets put into their hands as individuals by plaintiff. Plaintiff sued them for this $575, and recovered it. *Held*, in action by plaintiff to recover from these arbitrators the balance of $351 of her father's estate, defendants were not estopped, under the doctrine of *res judicata*, from pleading that no such balance existed by reason of the reduction of this estate by the non-collection of M.'s note for $575. MR. JUSTICE McGOWAN, *dissenting*.

Before KERSHAW, J., Richland, April, 1888.

For a full statement of the case upon matters not stated in the opinions here, see *Green* v. *Iredell*, 26 S. C., 553.

*Messrs. Lyles & Haynsworth*, for appellants.

*Mr. B. L. Abney*, contra.

December 2, 1889.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This case has been here before. See *Green* v. *Iredell*, 26 S. C., 553, where the facts are fully given. Among other things, it is there stated "that the appellants (C. J. Iredell and D. C. Peixotto), as arbitrators and attorneys in fact, sold the property and settled so much as was trust estate, but it seems that there was still left in their hands $351.89 of the individual estate of Dr. F. W. Green, and the action was brought to recover it from them as money had and received to the use of the plaintiff, Sarah Green, the sole legatee and devisee under the will of her father, F. W. Green, deceased.   * * *   It is clear that the plaintiff is entitled to the money in the hands of the defendants (Iredell and Peixotto), and it is equally clear that they received it under the sale and power of attorney; and the only question is, whether she can recover it directly from them, or it must first make the circuit of going to the executors of the will,

and from them to her. * * * Ordinarily, the assent of the executor is necessary to the recovery of a legacy, for the obvious reason, that he is charged with the payment of the debts of the testator. As there may possibly be debts, and the court is always disinclined to order a legacy paid until it is clearly ascertained that the debts are all paid, we think it safer that the case should go back, &c." It was ordered that the judgment for the plaintiff should "be reversed without prejudice, and the cause remanded to the Circuit Court, with leave to the plaintiff, if so advised, to amend her complaint by making the executors of the will of F. W. Green parties defendant."

Accordingly, the case went back, and Judge Witherspoon gave the plaintiff leave, without conditions imposed, to amend her complaint by making the executors parties. (Appellants excepted to the order to amend.) The executors answered the amended complaint, stating that there were no debts of the estate unpaid, and admitting all the allegations of the complaint. The appellants (arbitrators) also answered, still claiming that the executors had never assented to the payment of the legacy, or that the plaintiff had ever regularly demanded payment of it before action brought. They also set up a new defence, not made at the first trial, viz., that there was not in fact, and never had been, any excess in their hands after paying to the nine children, the remaindermen, the shares awarded to them severally; that among the assets of Dr. F. W. Green transferred to the arbitrators to pay the remaindermen, and upon which the award was based, was a note of one of the remaindermen, Meltiah B. Green, for $575, which was estimated as cash, in the expectation that it would be taken by the said Meltiah in part payment of his share of the award; but after the award was made, ascertaining the shares of the different parties, and that Meltiah B. should accept the note as cash, "the fact was developed that, before signing the deed of submission, the said Meltiah B. Green had by deed duly recorded conveyed all his interest in the estate of Dr. John Green to one Spigener, in trust for Mrs. Marian E. Green (wife of Meltiah B. Green), who refused to allow said attorneys to off-set said supposed debt, and they having paid the whole share in money, actually sus-

tained an absolute loss of $223, instead of having any excess in their hands.

To this new and affirmative defence, the plaintiff pleaded in bar that form of estoppel known as "*res adjudicata*," relying on the adjudication in another case of Sarah Green *v.* C. J. Iredell and D. C. Peixotto (May 4, 1887), that the plaintiff should recover $575 against these defendants, which sum of money belonging to the plaintiff being in their hands, they had applied to make up the very deficiency now relied on. The only question in this first cause was the right and authority of the attorneys (arbitrators), first to pay Mrs. Meltiah B. Green or her trustee the sum of $575, as claimed in the answer. (See the Record Roll, No. 5,078, in the Brief.) The cause was referred to the master, who, among other things, reported that the payment of the aforesaid sum of the plaintiff's money "was unauthorized in law," and that the plaintiff should recover of the defendants $575, with interest and costs. To this report there were exceptions: (1) "Because the master found as matter of fact that the payment to M. R. Spigener was unauthorized by the plaintiff. (2) Because he concluded as matter of law that such payment was unauthorized, and that plaintiff is entitled to judgment." These exceptions were overruled by Judge Norton, and the report made the judgment of the court. There was no appeal.

Upon these pleadings, the new case thus made on the second trial was referred to the master, who took the testimony, "reserving all equities." The cause came on for a hearing by Judge Kershaw, who held that the executors had assented to the legacy, and that the plaintiff had demanded payment before action brought. And as to the new defence made, that there really was no surplus in the hands of the arbitrators belonging to the plaintiff, on account of their failure to realize on the note of Meltiah B. Green, the judge said: "That is fully met by the plea of *res adjudicata.* An inspection of the record in the case of Sarah Green *v.* C. J. Iredell and D. C. Peixotto will show that the same defence was set up and adjudicated in that case as here set up; consequently it cannot again be brought into question between the same parties," &c., and gave judgment for the plaintiff for $357.89, with interest and costs.

From this decree the arbitrators (Iredell and Peixotto) appeal to this court upon the following exceptions: "I. Because his honor found as matter of fact that there being no demands against the estate of Dr. F. W. Green in the hands of the executors, the plaintiff, with the assent of said executors, took possession of the entire estate as legatee and devisee. II. Because he found as matter of fact, that the defendants, Iredell and Peixotto, had never fully accounted, as attorneys in fact, to the plaintiff for her interest under the award and as legatee and devisee, and that they hold in their hands applicable thereto the sum of $351.89. III. Because he concluded as matter of law, that the plaintiff was entitled to recover said sum, and adjudged that the said defendants pay the same to her. IV. Because he concluded as matter of law, that defendants' objection to paying over said sum of money to the plaintiff, because there had been no assent to her legacy on the part of the executors, was swept away by the circumstances of the case. V. Because he held that the defence of said defendants, that no demand had been made upon them by the plaintiff for an accounting before the commencement of the action, was swept away by the circumstances of the case. VI. Because he concluded as matter of law, and adjudged, that defendants, Iredell and Peixotto. are estopped from setting up the matters alleged in their third defence, in their answer herein, by the judgment rendered in the case of Sarah Green *v.* C. J. Iredell and D. C. Peixotto, defendants," &c.

The plaintiff did not originate the motion to amend the complaint. She obtained a decree without such amendment, but on appeal the appellants urged that the executors of F. W. Green had never assented to the legacy sued for by the plaintiff; and this court, in order to protect the creditors of the estate, as well as the appellants themselves, from a possible second suit, directed that the executors should be made parties. For that purpose alone the case was sent back to the Circuit. Judge Witherspoon granted the order making the executors parties, and the appellants excepted, for the reason, that in doing so he did not impose upon the plaintiff the condition of paying all the costs which had accrued. The amendment was made, the executors answered, the cause again progressed to final judgment, and the question now

is, whether that order of amendment was such an error of law as to set aside the whole proceeding under the amended pleadings?

There certainly was no error in granting the amendment itself, for it did not substitute a different cause of action from that stated in the original complaint. So far as the appellants were concerned, the cause of action remained the same after the amendment, which had no effect upon their rights, except, possibly, to protect them from a second suit at the instance of the executors. "Ordinarily, a motion for leave to amend is addressed to the discretion of the court, and is not appealable, provided the amendment is such as it is within the power of the court to grant." *Mason* v. *Johnson*, 13 S. C., 23 ; *Trumbo* v. *Finley*, 18 *Id.*, 315.

But it is urged, that the omission of the judge to impose upon the plaintiff the condition of paying the costs, was an error of law reviewable by this court. Section 194 of the Code declares that "the court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process, * * * by adding the name of any party, * * * by inserting other allegations material to the case," &c. It will be observed that large discretion is given to the judge who grants the order. His judgment alone must determine what terms are "proper." There is no positive law upon the subject, for an order involving merely the exercise of discretion cannot be appealable, as error of law cannot be affirmed of such an order. There may be cases of the abuse of such discretion, but as was said in the case of *Trumbo* v. *Finley, supra,* "much must be left to the discretion of the Circuit Judge, and the exercise of it as a rule will not be disturbed unless it deprives a party of a substantial right, which he can show he is entitled to under the law." It is true that, in granting an order of amendment, the moving party is generally put on terms. But in several particulars this is a peculiar case. The amendment was directed by the Supreme Court, in part at least, for the protection of the appellants themselves. It does not appear in the "Case" that "terms" were insisted on in the court below at the time the order was granted ; but if the point was made, there may have been sufficient reasons to influence the mind of the judge. We cannot say that, in granting the order without imposing terms, the Circuit Judge committed an

abuse of his discretion, which this court should correct. The court rarely interferes with the exercise of discretion in such cases. *Chichester* v. *Hastie*, 9 S. C., 335; *Attorney General* v. *The Clergy Society*, 8 Rich. Eq., 190.

Exceptions 1, 2, 3, and 4 renew the objection made on the first trial, that the executors of F. W. Green never assented to the legacy which the plaintiff, as sole legatee, is suing to recover. That is the very point upon which the case was sent back. As suggested, the executors were made parties. They answered, stating that there were no debts, that they made no claim as executors to any part of the estate, and expressly admit each and every allegation of the complaint, one of which was "that, with the assent of the said executors, the plaintiff took possession of the entire estate of her father as legatee and devisee," &c. We concur with the Circuit Judge, that "the reasoning of the decree of the Supreme Court on the first appeal, the evidence in the case, and the answer of the executors, sweep away all possible objection to the plaintiff's recovery on this ground."

Exception 5 complains of error in holding that the defence of no demand made upon the appellants for an accounting before the commencement of the action, was swept away by the circumstances of the case and the evidence adduced. The plaintiff does not seem to have been remiss in demanding her rights. We have read the testimony carefully, and we cannot say that the finding of the judge was without evidence to sustain it.

This brings us to the last exception (6th), which charges error in holding that the appellants are estopped from setting up the matter of their third defence, by the adjudication in the Court of Common Pleas (May 4, 1887) in the case of Sarah Green v. C. J. Iredell and D. C. Peixotto. This was an action by the plaintiff against the appellants for the recovery of certain money in their hands, and they pleaded precisely the same defence as they now set up, viz., that they had applied plaintiff's money to make up a deficiency in their accounts as arbitrators, which arose from paying the amount of M. B. Green's note, $575, to the trustee of his wife. The plaintiff recovered, and the Circuit Judge held that the adjudication was conclusive as to the same defence now set up in this case. To make out the defence of *"res adjudicata,"*

three things are necessary—the subject matter must be the same, the parties must be the same, or their privies, and the precise points must have been ruled either expressly or as necessarily involved in the judgment. The subject matter here was identically the same. The parties were substantially the same, for the addition of the executors, so far as the plea of *res adjudicata* was concerned, made no difference. See *Tate's Ex'ors* v. *Hunter*, 3 Strob. Eq., 136, and *Watson* v. *Columbia Bridge Co.*, 13 S. C., 433.

Then, was the precise point ruled either expressly or by necessary implication? It is argued, that although the defence was identical, yet the circumstances of the two cases were different: that in the first the money sued for had no connection with the estate of F. W. Green, and could not be applied by the arbitrators of that estate without the express assent of the plaintiff, and that not being shown, she necessarily had a recovery; while the money sued for in this case arose out of the estate of F. W. Green, and therefore the arbitrators had the right to apply it in making up a deficiency in their accounts of that estate, with or without the plaintiff's assent. The judgment in the first case being merely an order overruling exceptions and confirming the report of the master, was not very full and explicit; but we think a careful inspection of the whole record will show that two points were expressly ruled—first, as matter of fact, that the plaintiff did not assent to the payment of the $575.60 to Spigener as trustee of Mrs. M. B. Green; and, second, as matter of law, that such payment was unauthorized.

Now, in considering the scope and extent of this judgment, can we properly restrict it simply to the fact that the plaintiff had never consented to the payment as claimed? It does not seem to me that we can. The terms are that, as matter of law, it was "unauthorized," which, as it would seem, went further than merely negativing the assent of the plaintiff, and held generally that the payment not assented to was without authority of law. We cannot see that this case differs essentially from the first, or that the source from which the money sued for in this case arose, can entirely change the nature of the case. This money had been determined to be in excess, and therefore was due to the plaintiff as

sole legatee, as clearly as that which she sued for in the first case.
It was not ear-marked by the source from which the indebtedness
arose.   We do not understand that this was a proceeding against
the defendants for a new and original accounting (without refer-
ence to the award), and in which all payments made by them
were open for consideration ; but, on the contrary, was an action
against them on the award, for the excess—a specific sum, viz.,
$351.89—and therefore belonging to the plaintiff as sole legatee.
The defendants were first appointed arbitrators before they were
made agents to sell and distribute the proceeds, by all the chil-
dren (including M. B. Green), and as such arbitrators rendered
their final award in writing ; and that being done, their authority
as arbitrators was at an end, and they could not exercise any
fresh judgment in the matter, not even to correct a palpable mis-
take ;  and I should think  certainly not to retain for a payment
voluntarily made by them to one who was entirely unknown in
the award.   See 1 Am. & Eng. Encycl. Law, 689.

It seems to me that it was necessarily decided in the first case,
that the appellants (without the  consent of the plaintiff) had not
the authority to make the payment to the trustee of  Mrs. M. B.
Green ;  and that such judgment, disallowing the payment in that
case, must be considered as conclusive of that identical question
in this case ; that in neither case was the defence allowable, un-
less it appeared that the plaintiff had assented to it.   But while
these are my views, as to the effect of the plea of res adjudicata,
yet as the majority of the court think otherwise, as to the effect
of that plea,

The judgment of this court is, that the judgment of the Cir-
cuit Court be affirmed, except as to the effect of the plea of res
adjudicata, in which respect it is reversed ; and as it was stipu-
lated by counsel, that, in the event this result was reached, there
should be further references as to the third defence, this case is
remanded to the Circuit for that purpose.

MR. JUSTICE McIVER.   I am unable to concur in the conclu-
sion sustaining the plea of res adjudicata to the third defence set
up by the answer of appellants to the amended complaint.

Without going into any elaborate statement of the various

transactions between these parties and of the judicial proceedings thereon, it will be sufficient for my present purpose to say that, as I understand it, the two estates of Dr. John Green and Dr. F. W. Green were placed in the hands of appellants, by the parties interested therein, as arbitrators, to determine the various dis-. putes which had arisen in respect thereto, and as attorneys in fact they were invested with power to carry into effect their award by the sale of the property and distribution of the proceeds thereof. To effect these purposes, it became necessary to ascertain the amount of the estate of Dr. John Green—called the trust estate—all of which had gone into the hands of Dr. F. W. Green, rendering his estate liable to make good the same, and therefore the estate of Dr. F. W. Green would consist only of what was left after the estate of Dr. John Green was made whole. Accordingly the appellants ascertained that the estate of Dr. John Green amounted to eighteen thousand dollars (using round numbers for convenience), of which the share of each of the remaindermen entitled thereto would be two thousand dollars, there being nine children.

It appeared, however, that amongst the assets of the estate of Dr. F. W. Green were two notes of Meltiah B. Green, one of the remaindermen entitled to a share of the estate of Dr. John Green, one for the sum of one thousand dollars and the other for the sum of five hundred and seventy-five dollars, and the appellants in making their award deducted these two amounts from his share, leaving only the balance thus ascertained due to him from the estate of Dr. F. W. Green. It seems, however, that before the submission to arbitration, Meltiah B. Green had assigned his interest in the estate of Dr. John Green to one Spigener, and that when the appellants came to settle with him as assignee, he refused to allow the deduction of the $575 debt, though the deduction of the $1.000 debt, so far as appears, seems to have been acquiesced in. The appellants therefore settled without such deduction, as they claimed, with the knowledge and consent of the plaintiff, who, as sole legatee of Dr. F. W. Green, was alone interested in insisting upon such deduction, as the estate of her testator would, if the same was not allowed, be reduced to that extent.

It seems also that during the progress of the settlement of these two estates. and with a view to facilitate the same, the plaintiff placed in the hands of these appellants certain bonds of the city of Columbia which she held in her own right, and, as I understand, not derived from, or in any way connected with, the two estates of the Doctors Green, to be sold and the proceeds applied to the payment of a certain claim of Louisa H. Green, and that appellants sold the same, and after having applied a sufficient amount of the proceeds of the sale to the payment of the claim of Louisa H. Green, applied the further amount of $575 (by the consent of the plaintiff, as they claimed) to the payment of the assignee of Meltiah B. Green, as above stated. The plaintiff then brought her action against these appellants to recover the proceeds of the sale of her city bonds, less the amount paid by her authority to Louisa H. Green, thus denying any authority on the part of the appellants to apply any portion of the proceeds of such sale to the payment of the $575 above referred to ; and that is the action in which it is claimed that the issue now raised by the appellants has been adjudicated. That case being practically between the same parties as this, is designated in the record as roll 5078, with a view to distinguish it from the present case.

In that case (roll 5078) the only issue that could properly arise, and therefore the only issue that could have been judicially determined, was, whether the appellants had any authority from the plaintiff to apply any portion of the proceeds of the sale of her city bonds to the payment of the $575. She had placed in their hands certain bonds to be sold and the proceeds applied to a specific purpose, and if appellants, without her authority, applied any portion of such proceeds to any other purpose, they would, of course, be liable ; and, as the master in that case found as matter of fact that such application was made without any authority from her, the necessary consequence was that she was entitled to recover the balance of the proceeds of her own property, which she had placed in the hands of her agents for a specific purpose, a portion of which they had, without authority, applied to a different purpose.

Here, however, both the subject matter of the action and the

issue are entirely different. There the subject matter of the action was the individual property of the plaintiff, or rather the proceeds of the sale thereof; while here the subject matter of the action is the estate of Dr. F. W. Green, to which the plaintiff is only entitled after all just claims thereon have been satisfied. There the issue was whether appellants had any authority from the plaintiff to apply her individual funds to a certain purpose; while here the issue is whether the appellants are chargeable with a certain note as part of the assets of an estate to which plaintiff is entitled as sole legatee. Here the real questions are whether the note of Meltiah B. Green constituted a part of the assets of the estate of Dr. F. W. Green, and if so, whether the appellants had in their hands the means of securing it, and failed to use such means without just cause or excuse.

While, therefore, I concur in the conclusions reached by Mr. Justice McGowan as to the other questions raised by this appeal, I do not concur in his conclusion as to the effect of the plea of *res adjudicata;* and, as I understand that it was stipulated by counsel "that the matter set up in the third defence of said defendant's answer shall not be considered at issue under this stipulation further than the consideration of the plea of *res judicata* raised in plaintiff's reply herein will require, but that if the plea of *res judicata* is finally overruled by the court, and defendant's first and second are also overruled, further references are to be had on the defendant's third defence," it seems to me that the judgment of this court should be that the judgment of the Circuit Court be affirmed except as to the effect of the plea of *res adjudicata,* in which respect it is reversed, and that, in accordance with the stipulations of counsel above set forth, the case be remanded for "further references * * on the defendants' third defence."

MR. CHIEF JUSTICE SIMPSON concurred in this separate opinion.

Judgment modified.

NOTE.—This completes the cases of April term, 1889.—REPORTER.