EMANUEL ROSENFIELD V. BEE PUBLISHING COMPANY ET AL.

FILED JUNE 9, 1898.   No. 8156.

1. General Verdict: ISSUES.   Where no special findings are made, a general verdict in favor of a party includes a finding in his favor on every material issue made by the pleadings.

2. Conversion: VERDICT FOR DEFENDANTS.   Evidence examined, and *held* to sustain the finding of the jury.

ERROR from the district court of Douglas county. Tried below before BLAIR, J.   *Affirmed.*

*Bartlett, Baldrige & De Bord,* for plaintiff in error.

*E. W. Simeral* and *William Simeral, contra.*

RAGAN, C.

Zunder Bros. were indebted to Emanuel Rosenfield, and to secure the payment of such debt executed to him a mortgage upon some shoes, being a part of a boot and shoe stock owned by them.   Zunder Bros. were also indebted to the Bee Publishing Company, and it brought suit for the collection of its debt and caused an attachment to be issued, under which certain property of Zunder Bros. was seized.   Emanuel Rosenfield then sued the Bee Publishing Company, and the constable who served said writ of attachment, for conversion, claiming that the property seized under said writ was embraced in his mortgage.   The trial resulted in the jury finding a verdict for the defendants, upon which a judgment was entered dismissing Rosenfield's suit, and for a review of this judgment he has filed here a petition in error.

1. One of the principal points litigated upon the trial was whether Rosenfield's mortgage covered the property seized on the attachment writ and converted to its own use by the Bee Publishing Company. Rosenfield claimed that this property was embraced in his mortgage, and the evidence introduced on his behalf tended very strongly to establish that contention. On the other hand, the Bee Publishing Company claimed that the property which it seized under the writ of attachment was not the property embraced in Rosenfield's mortgage, and the evidence on its behalf, including that of the officer who served the writ of attachment and the parties who appraised the property taken on that writ, tended to support its conclusion. The jury made no special findings, but returned a general verdict in favor of the defendants below, and we must hold that this general verdict includes a finding that Rosenfield's mortgage did not cover any of the property seized on the writ of attachment and converted to its own use by the Bee Publishing Company.

2. There are some other assignments of error argued, which we have carefully examined, but we find no error in the record which calls for a reversal of the judgment, and it is accordingly

AFFIRMED.