Argued February 14, affirmed as modified February 28, costs disallowed either party March 20, 1928.

# A. R. RICHARDSON *v.* INVESTMENT COMPANY.

### (264 Pac. 458; 265 Pac. 1117.)

**Limitation of Actions—Filing of Amended Complaint Stating No New Cause of Action Relates to Commencement of Original Action.**

1. If amended complaint does not set forth new cause of action, filing thereof relates to time when original action was commenced; but, if it states new cause of action, it is equivalent to commencement of separate and independent action, barred by statute, if not filed within time limited.

**Limitation of Actions—Amended Complaint on Quantum Meruit, After Reversal of Judgment on Express Contract, Did not State New Cause of Action, Barred by Statute.**

2. Amended complaint on *quantum meruit*, filed after reversal of judgment for plaintiff in action on express contract, *held* not to introduce new cause of action, barred by statute; change being only in form.

**Appeal and Error—Permitting Amendment of Complaint to State Cause of Action on Quantum Meruit, After Reversal of Judgment on Express Contract, Held not Abuse of Discretion.**

3. Permitting amendment of complaint, in action on express contract, to state cause of action on *quantum meruit*, after reversal of judgment for plaintiff and remand of cause for further proceedings not inconsistent with opinion, which suggested possibility of recovery on *quantum meruit*, *held* not abuse of discretion.

**Interest—Inclusion of Interest from Date of Last Payment in Judgment on Quantum Meruit Held Erroneous, Plaintiff Being Entitled to Interest Only from Date of Judgment Entry.**

4. In action for value of sidewalk constructed by plaintiff, judgment including interest from date of last payment, was erroneous; plaintiff being entitled to interest on such unliquidated claim only from date of entry of judgment.

**Appeal and Error—Inclusion of Interest from Date of Last Payment in Judgment on Quantum Meruit Held not Reversible Error, Supreme Court Having Power to Render Proper Judgment.**

5. Inclusion of interest from date of last payment in judgment on *quantum meruit held* not reversible error, Constitution permitting

---

1. Amendment stating new cause of action, see note in 51 Am. St. Rep. 414. Relation of new pleading to statute of limitations, see notes in 3 L. R. A. (N. S.) 259; 33 L. R. A. (N. S.) 196; 47 L. R. A. (N. S.) 932. See, also, 17 R. C. L. 814 et seq.

Supreme Court to render proper judgment, including interest only from date of entry of judgment below.

Appeal and Error, 4 **C. J.**, p. 1159, n. 29.
Interest, 33 **C. J.**, p. 211, n. 11.
Limitations of Actions, 37 **C. J.**, p. 1069, n. 91, p. 1078, n. 67
New.
Pleading, 31 **Cyc.**, p. 430, n. 76.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 2.

AFFIRMED AS MODIFIED.

For appellant there was a brief over the name of *Mr. John Van Zante,* with an oral argument by *Mr. Albert H. Tanner.*

For respondent there was a brief and oral argument by *Mr. W. C. Winslow.*

BELT, J.—Plaintiff, in November, 1909, commenced an action to recover upon an express contract the amount alleged to be due for constructing a cement sidewalk. From the judgment rendered in favor of plaintiff, defendant appealed and the cause was reversed and remanded for a new trial for the reason that the evidence failed to show a substantial compliance with the contract. In the opinion of the court it was suggested that, since the sidewalk was of value to the defendant, although it did not conform to the specifications agreed between the parties, plaintiff might recover in an action on *quantum meruit:* 66 Or. 353 (133 Pac. 773).

After the cause was remanded, plaintiff, on March 10, 1914, filed in the Circuit Court a motion for leave to file his amended complaint. No action was ever taken with reference to this motion until June 19, 1926, when plaintiff caused the same to be brought on for hearing. We deem it unnecessary to discuss the

various reasons assigned for the unusual delay in disposing of this motion. Suffice it to say the matter was still pending and no action was taken by defendant to have it dismissed for want of prosecution. The motion to file an amended complaint refers to such pleading as being attached thereto, but it is conceded the pleading does not appear among the files in the cause.

The Circuit Court, in the exercise of its discretion, allowed plaintiff to file an amended complaint in which plaintiff seeks to recover the reasonable value of the sidewalk. Defendant thereupon demurred to the amended complaint upon the ground that the action was barred by the statute of limitations. After the overruling of this demurrer, defendant refused further to plead and judgment was entered in favor of plaintiff for $1,068.85, together with interest thereon at the legal rate from date of last payment on account. From this judgment defendant appeals.

Is plaintiff's action barred by the statute of limitations? The answer to this question hinges upon whether the amended complaint sets forth a new cause of action. If it does not, the filing of such pleading relates to the time when the action on express contract was commenced. If the amended complaint state a new cause of action it is equivalent to the commencement of a separate and independent action and, as such, would clearly be barred by the statute: 17 R. C. L. 815. Also, see extensive notes in 3 L. R. A. (N. S.) 259, 33 L. R. A. (N. S.) 196, and 47 L. R. A. (N. S.) 932.

1, 2. Did plaintiff introduce a new cause of action in changing from one upon express contract to one upon *quantum meruit?* We answer in the negative. While there are authorities to the contrary, we think the better reasoned causes hold that the change is

only that of form: *Cox* v. *McLaughlin,* 76 Cal. 60
(18 Pac. 100, 9 Am. St. Rep. 164); *Turner & Dahn-
ken* v. *Bauer,* 28 Cal. App. 311 (152 Pac. 308); *Ward-
robe* v. *Miller,* 53 Cal. App. 370 (200 Pac. 77). In
31 Cyc. 430, it is said:

"Except in jurisdictions where it is held that no
amendments are permissible which change the form
of the action, it is very generally held that so long as
the cause of action itself is not changed, it is per-
missible to change by amendment the form of action
in an action *ex contractu* to a different form of ac-
tion *ex contractu.* Thus an action on implied contract
may be changed to one on an express contract and
*vice versa.*"

Mr. Justice BEAN, speaking for the court in *Mc-
Donald* v. *Supple,* 96 Or. 486 (190 Pac. 315), said:

"We do not think there is such a difference or
inconsistency between an express agreement and a
promise implied by law as to preclude an amendment
or change from one to the other, to be made before
trial."

3. The action still arose out of contract and in-
volved the same sidewalk. No change was made in
the demand for payment. Unquestionably the judg-
ment obtained in one action would be a bar to the
prosecution of the other. On former appeal the
cause was remanded for further proceedings not in-
consistent with the opinion therein rendered and we
see no abuse of discretion in permitting the amend-
ment. Judge STEVENSON probably entertained an old-
fashioned idea of justice that, as defendant had the
benefit of this sidewalk for many years, he should pay
to plaintiff its reasonable value.

4, 5. It was error to include interest from date of
last payment. See opinion on former hearing. On
this unliquidated claim, plaintiff would be entitled to

interest from date of entry of judgment in the lower court. However, this does not warrant a reversal.

Having the record before us and being advised of the judgment that should have been rendered, this court is permitted, under the Constitution, to make such modification. It therefore follows that judgment is hereby rendered in favor of plaintiff and against defendant in the sum of $1,068.85 together with interest thereon at the rate of 6 per cent per annum from the third day of March, 1926.

AFFIRMED AS MODIFIED.

RAND, C. J., and BEAN and BROWN, JJ., concur.

---

Costs disallowed either party March 20, 1928.

ON OBJECTIONS TO COST BILL.

BELT, J.—In this action the judgment of the lower court was modified by allowing interest only from date of entry of judgment.

Both parties have filed statements of their costs and disbursements. On the authority of *Obermeier v. Mortgage Company Holland-America* (Or.), 262 Pac. 261, and cases therein cited, we think it equitable that neither the plaintiff nor the defendant recover costs and disbursements.

COSTS DISALLOWED EITHER PARTY.

RAND, C. J., and BEAN and BROWN, JJ., concur.