Submitted on briefs January 8, affirmed January 22, 1929.

MARIE THOMPSON, ADMINISTRATRIX, *v.* UNION FISHERMAN'S CO–OPERATIVE PACKING COMPANY, a CORPORATION.

(273 Pac. 953.)

For appellant there was a brief over the name of *Messrs. Norblad & Hesse.*

For respondent there was a brief over the names of *Mr. E. E. Mathison* and *Messrs. G. C.* and *A. C. Fulton.*

PER CURIAM.—This is an action to recover damages to an estate, arising out of the death of Olga

Thompson, a girl fifteen years of age, who was killed by an electric freight elevator owned and operated by the defendant company. The case was here before (118 Or. 436, 235 Pac. 694, 246 Pac. 733) and the judgment for defendant was reversed on account of erroneous instructions. It was there held that the complaint stated a cause of action under the common law, which, by virtue of Section 380, Or. L., could be prosecuted by the personal representative of the decedent. In remanding the cause for a new trial, this court granted plaintiff permission "either to amend her complaint so as to state a cause of action under the Employers' Liability Act, or to continue the prosecution of the present action as she may desire." On retrial, plaintiff did not elect to bring the action under the Employers' Liability Act, but filed an amended complaint, substantially eliminating all allegations having reference to its provisions. The amended complaint was drawn on the theory of the defendant's common-law liability and was so treated by the trial court. Defendant now appeals from the judgment had on verdict in favor of plaintiff and assigns fifty-six errors. It is difficult to conceive how a trial could be so pregnant with error, but we will give attention to those upon which we think appellant seriously relies. It may be added, however, that most of the questions here presented were disposed of adversely to defendant on former appeal. We are not disposed to restate the law of the case. For statement of facts see opinion of this court on former appeal.

1. It is urged that the action is barred by the statute of limitations. The fallacy of this contention lies in assuming that a new cause of action is alleged in the amended complaint. The cause of action was included in the original complaint: *Richardson* v.

*Investment Co.,* 124 Or. 569 (264 Pac. 458, 265 Pac. 1117), is controlling.

2. The trial court erred in sustaining demurrer to separate answer setting forth the defense of contributory negligence, but in the instructions defendant was given the full benefit of this defense, so we conclude it was not injured.

Defendant, in violation of the statute (Or. L., § 6712), employed a boy fourteen years of age to have charge and control over the operation of this elevator. He invited the decedent and another minor girl to ride on the elevator for pleasure during the noon hour. They took "turn about" in running the elevator. The Nelson boy left it in charge of the girls in order that he might go to the top of the elevator shaft and see how the machinery worked. While the boy was above some employee on the lower floor called for the elevator and the girls started it to go to the third floor for the boy operator. It is not clear from the record whether decedent or her girl companion operated the elevator. In any event, Olga was crushed to death while they were thus engaged.

3, 4. Defendant admits that the boy had authority to operate the elevator from 8 A. M. until 12 noon and from 1 P. M. to 5 P. M., but alleges that he was specifically instructed not to run it during the noon hour. Assuming this to be true, such secret instructions are immaterial. The boy had at least apparent authority. In the original answer the defendant admitted that he had authority to operate the elevator during the time when the tragedy occurred. This pleading was admissible as a declaration against interest.

We have carefully examined the record and see no error which would warrant a reversal. The issues were fully and fairly submitted and it is believed that the verdict of the jury should not be disturbed. Justice was administered.

The judgment of the lower court is affirmed.

AFFIRMED.