JOHN W. NESLUND, APPELLEE, V. J. F. KINNAN, APPELLANT.

FILED JUNE 28, 1935. No. 29290.

*Frank M. Johnson,* for appellant.

*D. E. Harper* and *R. E. Bannister, contra.*

Heard before ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

In this, an appeal from the district court for Dawson county, the action originated upon petition of the plaintiff to recover upon an open account for professional services and medical supplies furnished to the defendant. The district court entered judgment for the plaintiff in the sum of $251.09 and costs including an attorney's fee of $60.

The defendant alleged in his answer, and established at the trial, that prior to the institution of the instant suit the plaintiff had instituted another suit in the county court of the county to recover upon an account stated, which in fact involved the same items as are included in the account which was the plaintiff's cause of action in this case. The contention of the defendant is that the judgment in the county court action upon the account stated, which was against the plaintiff, became a bar to the present action and was an adjudication of the whole matter of the account.

As part of the defense argument it is asserted that the answer in the original case of the account stated contained a plea of payment to which no reply had been filed and that consequently that allegation stood admitted and that the defendant was therein entitled to judgment. Such answer contained allegations to the effect that the defendant admitted that some medical services were performed for the defendant by the plaintiff during the period of time

between 1929 and 1931, but alleged that the plaintiff has been fully paid for all services performed or materials furnished, and for further answer denied that an account was stated between the parties and that it was determined that there was due the plaintiff from the defendant the sum of $227.81, and that the defendant agreed to pay the same.

The plaintiff had in such original action sued upon an account stated. The defendant did not then, and does not now, claim to have paid it or to have so pleaded. He denied it and the part of his answer having reference to payment amounted to no more than a statement in aid or explanation of the denial of the plaintiff's cause of action on the account stated. There was but one issue tendered by the petition, which was the account stated. The defendant specifically denied the same. He could not inconsistently be at the same time pleading payment of such account. The action was in no sense upon the items which may have primarily constituted an account between the parties. Therefore, the only license these allegations of the answer could have for being present therein was their explanatory nature in reference to the demand of the alleged stated account. Otherwise they were surplusage. "Pleading affirmative matters in an answer, which amount to no more than a denial of plaintiff's cause of action, will not necessitate a reply." *Peaks v. Lord*, 42 Neb. 15. "The defense of *res judicata* is only available as to matters actually in issue and determined in the former suit." *Douglas v. Smith,* 75 Neb. 169.

The rule as applied to the instant case does not run counter to that expressed in *Moffitt v. Reed*, 124 Neb. 410, or *State v. Nemaha County Bank*, 124 Neb. 883, but recognizes the same. The question of the existence of an account stated between the parties is "a sealed and closed question."

An account stated is a distinct and independent cause of action and in a suit thereon it is not necessary to plead or prove the original items of indebtedness. *In re Estate of Black*, 125 Neb. 75; *McKinster v. Hitchcock*, 19 Neb. 100.

The action upon an account stated is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract. This contract is the cause of action and the plaintiff must recover on it or fail in the action. In the trial it is not necessary or even permissible to prove the items of the original account. *Martin v. Heinze*, 31 Mont. 68; *O'Hanlon Co. v. Jess*, 58 Mont. 415, 14 A. L. R. 237. To constitute *res judicata* the former suit must be founded on the same cause of action as the latter. *Rossman v. Tilleny*, 80 Minn. 160, 81 Am. St. Rep. 247. One test is to inquire whether the same evidence will support both. If it will not, they are not identical and judgment upon one will not be conclusive upon the other. *Bell v. Merrifield*, 109 N. Y. 202, 4 Am. St. Rep. 436.

The application of these rules clearly demonstrates the fact that in the action upon an account stated, defended on the ground that no account had been stated between the parties, a judgment for defendant does not become a bar to a subsequent action by the plaintiff upon the original account to recover the reasonable value of the items included therein.

The case was tried to the court without the intervention of a jury. The findings of the court, therefore, have the force of a verdict and are supported by the evidence. We find no prejudicial error in the record and the judgment of the trial court is

AFFIRMED.