GOLDEN, APPELLANT, *v.* MASCARI, APPELLEE.

(Decided November 27, 1939.)

*Mr. A. J. Layne,* for appellant.
*Mr. J. Earl Pratt* and *Mr. David E. Crowe,* for appellee.

GILLEN, J. Plaintiff instituted this action in the Common Pleas Court of Lawrence county, Ohio, to recover the sum of $3,080 for work and labor performed from the 6th day of May, 1930, to the 20th day of July, 1936. She alleges in her petition that on the 6th day of May, 1930, she was requested by defendant to assist him in his business at 322 Railroad street, Ironton, Ohio, and that he caused her to believe that she was a partner in the business and that she would receive a portion of the profits for her labor. She alleges that she went to his place of business and worked as nurse, cook, housekeeper and store assistant, and that she received her board and some cheap clothing and a place to sleep for her services. In July, 1936, she filed a suit for an accounting and a division of said property. She claims that she filed such suit believing that the business was a partnership. The judgment of the trial court, which was affirmed by this court, determined that the arrangement between the plaintiff and defendant did not create a partnership and that plaintiff had no interest in the business except that she personally owned some articles which belonged to her individually.

The trial court sustained a demurrer to plaintiff's petition and entered final judgment thereon, plaintiff not desiring to plead further. The cause is before this court on an appeal on questions of law.

A careful examination of plaintiff's petition reveals that the same subject-matter. between the same parties involving the same breach has been adjudicated in a court of competent jurisdiction. It is urged, however, that in that case plaintiff proceeded on the theory

that she was a partner and that she did not discover the fallacy of her position until the issues were finally determined by the court. It is urged in argument by counsel for the plaintiff that, since she was not aware of the fact that no partnership existed until that issue was adjudicated in a former action, she is the victim of fraud practiced by defendant, and that by reason thereof she is entitled to the right to pursue her remedy on the theory that she can now collect for services rendered. Her own mistake or ignorance of the true situation does not create an act of fraud on the part of defendant. If any fraud existed plaintiff was afforded an opportunity to have such issue adjudicated at the former trial. The court had authority to grant full and complete relief and in the absence of proof to the contrary it is presumed to have done so.

It is said in 23 Ohio Jurisprudence, 963, Section 731, that "The doctrine of *res judicata* rests upon the ground that the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate, the same matter in a former action in a court of competent jurisdiction, and should not be permitted again to harass and vex his opponent in a second action involving the same matter. In other words, it is founded on the conclusiveness accorded to judments, on the principles that the parties ought not to be permitted to litigate the same issues more than once, that circuity of actions should yield to the repose of litigation, and that the judgment ought to be the end of the litigation * * *."

In the case of *Petersine* v. *Thomas,* 28 Ohio St., 596, the Supreme Court said:

"When a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered at an end, not only as to what was determined, but also as to every other question which the parties might have litigated in the case."

In the case at bar the controversy is between the

same parties and involves the same subject-matter and breach that was previously adjudicated by a court of competent jurisdiction. It is obvious from plaintiff's petition that the same evidence would of necessity be presented again in support of her present claim.

The mere fact that she now adopts the view that defendant is indebted to her on the theory of *quantum meruit* is not sufficient to create a new or different cause of action. She has been afforded sufficient opportunity to present her claim and her failure to take advantage of that privilege does not confer upon her additional rights.

*Judgment affirmed.*

BLOSSER, P. J., and McCURDY, J., concur.