STOEFEN, et al Respondents, v. BROOKS, et al, Appellants

(297 N. W. 116.)

(File No. 8380. Opinion filed March 27, 1941.)

Rehearing Denied April 29, 1941.

**Parliman & Parliman,** of Sioux Falls, for Appellants.
**Krause & Van Buren,** of Dell Rapids, for Respondents.

WARREN, J.  Plaintiffs brought an action based upon a breach of warranty by the defendants in the sale to plaintiffs of certain farm machinery.  Upon issues being joined the case was tried and submitted to a jury.  A verdict was returned by the jury in favor of plaintiffs.  A motion for

new trial was denied, and upon appeal to the Supreme Court the judgment and order appealed from were reversed. For a statement of the facts involved see our former decision in 66 S. D. 587, 287 N. W. 330, 333.

In the closing words of the opinion we held that "there was no evidence from which the jury could [have found] that the sale was made by the defendants" and ordered a reversal. The plaintiffs thereafter in Circuit Court asked leave to amend their complaint to set forth a cause of action against the defendants, they contend, on the theory that the defendants, as agents selling their principal's goods, personally warranted them to induce the plaintiffs to sign the written order to, and buy from, the principal. Notice of application for amendment was given the defendants. They appeared and objected. Their objections were overruled and the plaintiffs were permitted to amend without being required as a condition precedent to pay the taxable costs of the first trial in the Circuit Court and also the costs of the transcript and the appeal to the Supreme Court taxed in favor of the defendants.

Defendants have appealed from the Circuit Court's order granting plaintiffs' motion to serve and file their amended complaint. They assign as error and argue that the amended complaint sets forth a different cause of action than that set forth in the original complaint; that the court should have required plaintiffs to pay the taxable costs of the first trial which the court taxed against them on appeal as a condition precedent to the granting of the motion to amend; and finally that the present complaint as amended does not state a cause of action.

If the appellants are correct in their assignment of error that the amended complaint does not state a cause of action, then of course it would be idle in that same assignment of error to state that the amended complaint sets forth a different cause of action than that set forth in the original complaint. Appellants contend that the original complaint sought to hold the defendants liable as the seller of the power unit in question, and that now under the amended complaint they seek to hold them liable as the agents of

the seller and that no issues are raised thereby between the parties and that the cause of action is entirely changed. Respondents' version is to the effect that the cause of action is not materially changed by the amended complaint; that in the original complaint the defendants were sued as the sellers of the goods involved; and that they now allege in their amended complaint that the defendants as agents selling their principal's goods personally warranted them to induce the plaintiffs to sign the written order to buy from the principal. It would seem that the allegations in the proposed amended pleading would warrant the version contended and urged by the respondents in making the change after the reversal by this Court.

We do not believe that the discretion of the trial court should be disturbed in permitting the amendment of the complaint. Our own decisions seem to permit such an amendment, and the scope of the amendment in the instant action is well within what we said in Hemmer-Miller Dev. Co. v. Hudson Insurance Co. of New York, 63 S. D. 109, 256 N. W. 798, wherein we permitted after an appeal an amended complaint based not upon a policy of insurance, but upon an agreement of settlement alleged to have been made between the parties. It was contended that in the action upon the policy, it being a valid policy, that the parties could not after the trial and appeal upon the policy amend and change to recover upon the agreement of settlement and we quote: "Permitting or denying amendments to be made to pleadings is largely within the trial court's discretion. Cornell v. Johnson, 59 S. D. 617, 241 N. W. 740. An appeal and a reversal of a case does not preclude amendments to the original complaint substituting an entirely different theory of the case from that upon which the case was first submitted. Tuthill v. Sherman, 39 S. D. 464, 165 N. W. 4." Steere v. Gingery, 24 S. D. 423, 123 N. W. 863; Schnepper v. Whiting, 18 S. D. 38, 99 N. W. 84, 85; Richardson v. Investment Co., 124 Or. 569, 264 P. 458, 265 P. 1117. We do not believe that there was an abuse of discretion in allowing the amendment to the complaint upon the theory presented by the respondents.

■ The motion to amend was resisted by affidavit of and appearance by counsel before the court urging the court to require the payment of the previous court costs as a condition precedent to the receiving and filing of the amended complaint. The order granting leave recites that counsel for both parties appeared and were heard and that the court, after considering the matter upon the merits and being fully advised, granted the motion that the amended complaint be filed. The order permitting the amendment is silent as to the requiring of the costs to be paid as a condition precedent to entering and filing the amended complaint. As the record now stands this court will presume that this question of payment of costs was before the lower court and that undoubtedly the court felt that at the time of making the order the costs should not be ordered paid.

The appellants cite Tuthill v. Sherman, 39 S. D. 464, 165 N. W. 4, in which this court reversed the lower court for its failure to require costs to be paid as a condition precedent to the allowance of an amendment and concluded that the trial court's discretion was subject to a review by the Supreme Court. That case, we believe, goes no further than to say that when the previous court costs are to be paid should be left to the sound discretion of the trial court in order that amendments considered frivolous or lacking in good faith or for some other good reason should not be permitted to unduly harass or embarrass the opposing party. It would seem to us that the learned trial court having this matter of costs before it and not imposing the payment of costs urged as a condition precedent, must have concluded that justice would best be served in not requiring the costs to be paid as a condition precedent to amending the complaint. Illinois Steel Co. v. Budzisz, 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534, 48 L.R.A. 830, 80 Am. St. Rep. 54; Laird v. Atlantic Coast Line R. Co., 136 S. C. 34, 134 S. E. 220; Nye v. Bill Nye Gold Min. & Mill. Co., 46 Or. 302, 80 P. 94.

In the last case cited above the court dealt with a similar statute and said: "* * * a judgment reversed is regarded as if it had never existed, and the parties are restored

to their rights as they were before it was rendered. Williams v. Simmons, 22 Ala. 425. Therefore, in the case at bar, when the judgment given at the former trial was reversed, and the mandate of this court entered in the journal of the court below, the cause stood as though no trial had ever been had, thereby authorizing the circuit court to allow the complaint to be amended, in furtherance of justice, and upon such terms as to it might have seemed proper. Lieuallen v. Mosgrove, 37 Or. 446, 61 P. 1022. The granting or the refusal of leave to amend a pleading is a matter resting in the sound discretion of the trial court, which will not be disturbed except for an abuse thereof. Green v. Iredell, 31 S. C. 588, 10 S. E. 545. In Gallagher v. Dunlap, 2 Nev. 326, a judgment, having been rendered against the defendant on the pleadings was reversed, with leave, granted by the Supreme Court, to amend the answer. In a petition for a rehearing it was insisted that the defendant should be required to pay the costs of the appeal as a condition precedent to his being permitted to amend the answer. Mr. Justice Beatty, replying to the question thus presented, says: 'We see no reason for such a course. There is nothing in the case to show us that defendant is making a sham defense. For aught we know, his defense may be a perfectly good one. We are not disposed to deprive him of the opportunity of making his defense because, perchance, he may not have the ready money to pay the costs of the appeal'."

■ The appellants cite a number of New York authorities to the effect that costs should not only be imposed, but paid before the amendment may become effective. We do not believe that the weight of authority so holds, but believe that as to when the payment of costs shall be made when amendments are ordered is largely in the discretion of the trial court. 20 C.J.S., Costs, 315, § 57h. We believe the line of authorities requiring payment of costs as an absolute condition precedent have laid down a rather harsh and arbitrary rule and is contrary to our view that trial courts have a large range of discretion. We do not believe that this discretion should be disturbed in this case.

This appeal was heard upon appellants' petition asking

for the allowance of an appeal from an intermediate order of the trial court as provided by SDC 33.0701 (6) and SDC 33.0704. Appellants' petition having been allowed by a previous order of this court and all matters presented to the court having been heard upon the appeal from the intermediate order, we conclude that the learned trial court did not err in making its order without imposing the payment of the costs as a condition precedent to the amendment of respondents' complaint.

In Tuthill v. Sherman, supra, this court granted an amendment subject to the condition that, if plaintiff was ultimately successful, he should have no right to tax any costs accruing prior to the time of the amendment, this upon defendants' theory that they had been put to expense by meeting unfounded claims presented upon the first pleading. It would therefore seem that in harmony with the ruling therein and upon the facts in the instant case and being in line with the facts in this case, the order allowing the amendment should be modified so that regardless of the final outcome of this cause, respondents be not allowed to tax costs for the first trial.

The cause is remanded, with direction to modify the order accordingly, and, as so modified, it will stand affirmed.

All the Judges concur.