VANTAGE ENTERPRISES, INC., APPELLANT, V. STANLEY
CALDWELL, APPELLEE.

244 N. W. 2d 678

Filed August 4, 1976.   No. 40519.

Gordon C. Gobel, for appellant.

Thomas B. Thomsen of Sidner, Svoboda, Schilke, Wiseman & Thomsen, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BRODKEY, J.

This case involves two separate consecutive lawsuits brought by the plaintiff, Vantage Enterprises, Inc., against the defendant, Stanley Caldwell, with whom Vantage had a written contract to construct a house. In its first action, Doc. 65, No. 22202, Vantage sued upon

the express written contract, and sought to recover payments allegedly due under the contract. In his answer and cross-petition, Caldwell alleged that Vantage had substantially breached the contract, and was not entitled to payment under the contract. He also cross-petitioned for damages allegedly caused by Vantage's breach of contract. The case was submitted to the jury under the court's instructions to find for Vantage if it found from a preponderance of the evidence that Vantage had substantially performed the contract. The jury returned a verdict for the defendant, Caldwell, but awarded him no damages on his cross-petition. Vantage did not appeal from the judgment.

Shortly thereafter, Vantage filed its second action, Doc. 66, No. 22516, to recover damages from Caldwell based upon the theory of quantum meruit. In his answer and cross-petition in the second action, defendant again alleged as a defense the lack of substantial performance by the plaintiff, and also specifically pleaded the defense of res judicata based upon the entry of the final judgment in the first action. In his cross-petition, Caldwell again claimed damages against the plaintiff as a result of the breach of the contract by the plaintiff. Defendant thereafter filed a motion for summary judgment; and after a hearing on October 28, 1975, the court sustained defendant's motion for summary judgment and dismissed plaintiff's petition and defendant's cross-petition. The record clearly establishes that the parties, the subject matter, and the materials and services involved in the two cases were the same. In answer to interrogatories served upon it prior to the hearing on the motion for a summary judgment, Vantage conceded that both cases would be proved by substantially the same evidence, but contended that the second suit was on the theory of quantum meruit, and not on the theory of express contract. Plaintiff's motion for a new trial was overruled, and Vantage then perfected its appeal to this court. We affirm.

At the outset, we point out that although Vantage conceded that the evidence in the second action based upon the theory of quantum meruit would be substantially the same as that introduced in the jury trial of the first action, we are not informed of what that evidence was. In the hearing on defendant's motion for summary judgment, counsel for defendant, Caldwell, requested the court to take judicial notice of the evidence and testimony in the first trial, and the court stated it would do so. However the record in the case now on appeal to this court does not reflect the evidence given at the former trial, and we must draw our conclusions as to the nature of such evidence by the pleadings in the former case, the court's instructions, and the general verdict returned by the jury. The identity of the parties in the two actions and the existence of the written contract for the construction of the house is admitted; and it is clear from the court's instructions to the jury that the issues tried related principally to the question of whether the plaintiff substantially performed its contract, and also as to the amount of damages sustained by the respective parties. The rule is well-established that the verdict of a jury finding generally in favor of a party to the suit is equivalent to a finding in favor of such party upon all the issues and evidence submitted to them. Dore v. Omaha & C. B. St. Ry. Co., 97 Neb. 250, 149 N. W. 792 (1914); Rosenfield v. Bee Publishing Co., 55 Neb. 388, 75 N .W. 845 (1898); Slater v. Skirving, 51 Neb. 108, 70 N. W. 493 (1897).

The issue for decision in this appeal is whether the verdict and judgment in the first case, based on express contract which resulted in a verdict in favor of the defendant, is res judicata and a bar to plaintiff's subsequent action on the theory of quantum meruit based upon the same facts and evidence.

It is clear that plaintiff was in possession of all the relevant and material facts before the trial in its first action. Under Nebraska law, it could have, and we be-

lieve should have, joined its two theories of recovery in its original petition. Section 25-701, R. R. S. 1943, specifically provides: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in any of the following classes: (1) The same transaction or transactions connected with the same subject of action; (2) contracts, express or implied; * * *." This court has consistently held that an action in quantum meruit may be joined in a petition with an action on an express contract, and a judgment based on either will satisfy the liability as to both claims where they have their origin in the same transaction. Rodgers v. Jorgensen, 159 Neb. 485, 67 N. W. 2d 770 (1954); Umberger v. Sankey, 154 Neb. 881, 50 N. W. 2d 346 (1951); Stout v. Omaha, L. & B. Ry. Co., 97 Neb. 816, 151 N. W. 295 (1915). Vantage did not do so. Although its original petition filed in the first action may possibly be interpreted as being based upon the theory of quantum meruit, it chose to file an amended petition in the first action clearly based upon the theory of a breach of an express contract. We think it is clear that plaintiff was aware of both theories of recovery when it filed its original petition.

The doctrine of res judicata operates on the principle that a final judgment on the merits by a court of competent jurisdiction is conclusive upon the parties in any later litigation involving the same cause of action. This court has stated the doctrine as follows: " ' "Any right, fact or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject-matter of the two suits is the same or not." ' " Wischmann v. Raikes, 168 Neb. 728, 97 N. W. 2d 551 (1959). See, also, Hickman v. South-

west Dairy Suppliers, Inc., 194 Neb. 17, 230 N. W. 2d 99 (1975); Knapp v. City of Omaha, 175 Neb. 576, 122 N. W. 2d 513 (1963). We have stated that the rule of res judicata is grounded, first, on a public policy and the necessity to terminate litigation, and, second, on the belief that a person should not be vexed more than once for the same cause. American Province Real Estate Corp. v. Metropolitan Utilities Dist., 178 Neb. 348, 133 N. W. 2d 466 (1965); Norlanco, Inc. v. County of Madison, 186 Neb. 100, 181 N. W. 2d 119 (1970).

While we have frequently held that an action on an express contract may be joined with an action for quantum meruit where the facts arise out of the same transaction, we do not appear to have previously ruled whether they are the same cause of action, or separate causes of action, at least so far as the application of the doctrine of res judicata is concerned. We have held that to constitute res judicata the former suit must be founded on the same cause of action as the latter. Neslund v. Kinnan, 129 Neb. 339, 261 N. W. 832 (1935). The term "cause of action" is not easily defined, and the authorities have laid down no thoroughly satisfactory and all-embracing definition. It may mean one thing for one purpose and something different for another, depending, for example, on the questions whether a pleading is good upon demurrer, whether an amendment of a pleading is permissible, and whether the principle of res judicata applies. 1 Am. Jur. 2d, Actions, § 1, p. 540. See, also, definition "cause of action" in Black's Law Dictionary (4th Ed.). For examples of definitions in Nebraska cases, see, City of Alliance v. Cover-Jones Motor Co., 154 Neb. 900, 50 N. W. 2d 349 (1951); Asher v. Coca Cola Bottling Co., 172 Neb. 855, 112 N. W. 2d 252 (1961); Kohler v. Ford Motor Co., 187 Neb. 428, 191 N. W. 2d 601 (1971); Muenchau v. Swarts, 170 Neb. 209, 102 N. W. 2d 129 (1960). This court, however, has stated the general test to determine identity of causes of action is whether the same evidence will sustain both the present

and former action, and when it appears that different proof is required, a judgment in one of them is no bar to the other. Boomer v. Olsen, 143 Neb. 579, 10 N. W. 2d 507 (1943); Gayer v. H. W. Parker & Son, 24 Neb. 643, 39 N. W. 845 (1888). These cases, however, did not involve the problem of express contracts and quasi-contracts or quantum meruit actions. It is clear that plaintiff intended to, and did use, the same evidence and testimony in an attempt to substantiate both its causes of action or theories of recovery, even as to damages.

Authorities from other jurisdictions are divided upon the question of whether an action on an express contract constitutes a bar to a subsequent or concurrent action on quantum meruit. See, Annotation, "Judgment in Action on Express Contract for Labor or Services as Precluding, as a Matter of Res Judicata, Subsequent Action on Implied Contract (Quantum Meruit) or Vice Versa," 35 A. L. R. 3d 874, et seq.; 28 C. J. S., Election of Remedies, § 6, p. 1072. Numerically, a preponderance of the cases appear to hold that the doctrine of res judicata does not bar the subsequent suit on quantum meruit. However, the more recent, and we believe better reasoned, cases hold to the contrary.

In Dean v. Exotic Veneers, Inc., 531 P. 2d 266 (Ore., 1975), the Supreme Court of Oregon, faced with the identical problem, overruled two prior decisions and held that for the purposes of the application of the doctrine of res judicata, a complaint based upon quantum meruit was a restatement of the same cause of action as that in a complaint on express contract for the same services. That case was an action at law to recover the amount alleged to be due plaintiff for services as the general manager of a corporation. The defendant Thompson was a court-appointed receiver for liquidation of the corporation. After a hearing on the merits, the court directed the receiver to deny plaintiff's claim. No appeal was taken from this determination. Plaintiff subsequently filed an action for the reasonable value

of his services, contending that even if his first count on a specific contract could not be litigated, he was not precluded from litigating a claim based on the reasonable value of his services. We quote from the opinion: " 'In applying the doctrine of res judicata it is necessary first to determine whether the second cause of action is upon the same cause of action as the first or whether the two actions are upon different causes of action. If the second action is upon the same cause of action the judgment in the first action is conclusive as to all matters which were litigated or which might have been litigated in the first action. If the second action is upon a different cause of action, the judgment in the first action is conclusive only as to the matters essential to the judgment which were actually litigated and determined therein. * * *.'

"Plaintiff contends his claim upon quantum meruit is a different cause of action than his claim on the express contract. This brings into issue the definition of the term 'cause of action' as it relates to the law of res judicata. 'Cause of action' is a 'slippery' term which is used to express different concepts in different contexts.

"The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources. Its scope is related to the limits upon the various forms of relief which may be requested in one proceeding and the limitations upon amendments to pleadings during trial. As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding. See Clark on Code Pleading, 472-78 (2d ed 1947); also, Jarvy v. Mowrey, 235 Or. 579, 583, 385 P. 2d 336 (1963). Therefore, with the advent of code pleading and the abandonment of

rigid common law forms, the definition of 'cause of action' has tended to expand.  As pointed out in Clark, supra, at 127:

" 'At common law the number and extent of the grievances for which the plaintiff might seek redress in a single suit were arbitrarily limited by forms of action. In equity, principles of trial convenience alone applied. The codes adopted the equity rule in substance, but attempted to give it precision by the concept "cause of action," denoting a single occasion for judicial relief.'

"Having in mind the purposes to be served by the application of the doctrine of res judicata, we agree with Clark in the following:

" 'Various more or less conflicting views of the nature of a single cause of action are expressed by courts and authors.  The most convenient one is to consider a cause of action as an aggregate of operative facts giving rise to a right or rights termed "right" or "rights of action" which will be enforced by the courts.  The number and extent of operative facts included within a single cause of action are to be determined pragmatically, mainly by considerations of practical trial convenience. There is no absolute or arbitrary test.'  Clark on Code Pleading at 127.

"Clark further states at 137:

" 'The codifiers seem to have had in mind the cause of action as consisting of facts which should afford ground or occasion for the court to give judicial relief of some kind, but as not limiting the form or amount of such relief.  This is shown by their emphasis upon "the facts" as "constituting the cause of action" and upon their attempt to get away from the legal subdivisions of the previous systems and to keep legal theories of recovery out of the pleadings proper.  * * *.'  (Footnote omitted.)

"If in the present case we apply Clark's concept of 'cause of action' for res judicata purposes, it becomes apparent that there is but a single occasion for judicial relief, even though there are alternative contentions

concerning the circumstances under which they were rendered and thus alternative grounds or theories for recovery. To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action.

"Plaintiff claims to have rendered only one set of services. Nothing prevented him from presenting his claim against the receiver on the alternative theories of express contract and quantum meruit and from having them both adjudicated at the same time. Having once litigated his claim against defendant, he should be foreclosed from further litigation on all grounds or theories of recovery which could have been litigated in the first instance. The public policy to be served by the doctrine of res judicata prevents him from having two bites at the apple. In Developments in the Law—Res Judicata, 65 Harv. L. Rev. 818, 826 (1952), the following statement is found:

" '* * *[T]here are recent decisions allowing successive suits on theories of express and implied contract, or even alternative theories of express contract. Decisions such as these seem to undermine an important aspect of the reformed procedure.' (Footnotes omitted.)
"For a case which holds that an adverse judgment on an action on an express contract is a bar to a subsequent action on quantum meruit, see Golden v. Mascari, 63 Ohio App. 139, 25 N. E. 2d 462 (1939). For the purposes of the application of the statute of limitations we have held that an amended complaint on quantum meruit is a restatement of the same cause of action as that in the original complaint on an express contract. Richardson v. Investment Co., 124 Or. 569, 571-572, 264 P. 458, 265 P. 1117 (1928). * * *.

"Although the vast majority of the cases in the United States hold * * * that an adverse judgment on an action upon an express contract is not a bar to a subsequent action for a reasonable value of one's services, it is sub-

mitted that, when the rationales behind res judicata are taken into consideration, such holdings are out of step with the freedoms of modern practice and procedure."

We agree with the court in Dean v. Exotic Veneers, Inc., *supra,* and believe that the contrary holding contended for by plaintiff would be out of step with the freedoms of modern practice and procedure.

In another recent case, Purification Systems, Inc. v. Mastan Co., Inc., 40 Mich. App. 308, 198 N. W. 2d 807 (1972), the court held that where a claim asserted by the plaintiff arose out of one transaction or occurrence and recovery could be claimed under express or implied contract, and the plaintiff chose to proceed on express contract only, and the cause proceeded to final adjudication against him, his recovery was barred by the rule of res judicata. See, also, Golden v. Mascari, 63 Ohio App. 139, 25 N. E. 2d 462 (1939), holding that a mere change in the theory of a cause of action is not sufficient to prevent the application of the doctrine of res judicata; La Vasser v. Chesbrough Lumber Co., 190 Mich. 403, 157 N. W. 74 (1916), holding that a judgment in an action in quantum meruit for services rendered under a contract is a bar to another action by plaintiff for damages for breach of contract.

In the instant case, it is clear that plaintiff had knowledge of all the facts, and, apparently, also of the possible remedies. Under our statutes, it could have joined them in one action. It chose not to do so, but elected to take a chance on a favorable verdict, reserving to itself another "bite of the apple" in the event it failed in the first suit. In the interests of the economy of judicial time and talent, and as a matter of public policy, it should not be permitted to do this. We believe the rationale in Dean v. Exotic Veneers, Inc., *supra,* is sound and should be applied to the instant case. See, also, Schopflocher, "What is a Single Cause of Action for the Purpose of the Doctrine of Res Judicata?" 21 Ore. L. Rev., 319 at 363, 364, where that author advocates the imposition

of a procedural penalty in such situations.

We conclude that the trial court was correct in sustaining defendant's motion for a summary judgment based on the ground of res judicata, and therefore affirm its decision.

AFFIRMED.