## FRANK B. HIBBARD V. JOHN T. WILSON.

### FILED MAY 5, 1897. No. 7260.

1. **Review:** CONFLICTING EVIDENCE. Findings of a jury on conflicting evidence will not be disturbed if there is sufficient favorable evidence to sustain them.

2. **Instructions:** EVIDENCE. The refusal of an instruction whereby it is sought to direct the jury that certain evidence which has been introduced incidentally or collaterally is directly applicable to the issues in the cause, when in fact it is not pertinent or direct in its bearing on any issue, and its giving would probably mislead the jury, is not an error.

3. **Quantum Meruit:** MEASURE OF DAMAGES. In a suit upon a *quantum meruit* for services performed the reasonable value of the services furnishes the measure of recovery.

4. ———: ———: EVIDENCE. Under a *quantum meruit* count for services rendered under a contract, the contract is admissible to prove the value of the services. The stated rates of compensation, if any, are competent evidence tending to show the reasonable value.

5. ———: ———: ———., In the case at bar, an action on a *quantum meruit*, the only competent evidence of the reasonable value of services performed was the contract price. The plaintiff in the action offered other proof of the value of the services, which, on objection of defendant, was excluded. *Held,* That the contract price was the proper measure of damages.

6. ———: ———: ———. The evidence examined, and *held* sufficient to sustain the verdict.

ERROR from the district court of Stanton county. Tried below before BLAIR, J. *Affirmed.*

*V. O. Strickler,* for plaintiff in error.

*E. E. Thomas* and *Thomas & Nolan, contra.*

HARRISON, J.

The plaintiff herein declared, in a petition filed in the district court of Stanton county, that on or about May 1, 1892, he entered into a verbal agreement with the defendant by which the plaintiff became bound to drill and

complete a two and one-half inch tubular well on the farm of defendant, from which could be obtained a plentiful supply of water, to furnish all necessary material, perform all labor, and pay all expenses, of any nature whatsoever, incurred in and about the drilling and completion of the well; that the agreement did not specify, the depth to which the well should be drilled, further than it was to be to the depth at which a sufficient supply of water was found. If plaintiff stopped the work of his own motion before the water was found, he was to receive no compensation for what he had theretofore done. That the defendant, on his part, agreed to pay $1 per lineal foot for every foot of the well necessarily drilled and completed in compliance with the contract, and to pay the same rate if he ordered the work on the well discontinued prior to its termination by the full accomplishment of the purpose of the work. That the plaintiff commenced the work on May 26, 1892, and proceeded therewith until August 12, 1892, at which time the well was completed to a depth of 480 feet, but water had not been obtained. Plaintiff then ordered defendant to quit work, refused to allow him to proceed further therewith, and forbade him to come on the farm for the purpose of continuing the work, and refused to pay plaintiff for the work which had been performed, and also refused to submit the matters of difference between the parties to arbitrators. It was also pleaded that defendant made certain misrepresentations to plaintiff, by which the latter was induced to enter into the contract as made. It was further stated that the plaintiff elected "to rescind the contract  *  *  *  and to sue for the reasonable value of his services;" or, in short, the plaintiff asked a recovery as upon a *quantum meruit*, the value of the work performed being alleged as $840. In the answer it was admitted that plaintiff was engaged to drill a well of the kind described in the petition; that plaintiff was to furnish all material, perform all labor, and bear the entire expense incurred in the making of the well; was to fur-

nish a sufficient quantity of water, and if he abandoned the contract before so doing, to receive no pay for what had been done; that defendant was to pay for the work $1 per lineal foot of the depth to which the well should extend. It was also stated that the amount to be paid was not in any event to exceed the total sum of $350, and if necessary to extend the well beyond the depth of 350 feet to obtain the required supply of water, the compensation for the entire work was to be $350 and no more. It was admitted that the work was commenced May 1, 1892, as alleged in the petition, and asserted that plaintiff abandoned it at some date during the month of August of the same year. There was a denial that defendant had ordered or compelled the plaintiff to cease labor on the well. There were some further statements of the answer in regard to trouble and expense occasioned to defendant by the plaintiff's abandonment of the work; also a long recital of some transactions between the parties to the suit, as parts of which a chattel mortgage on the machine and some of the tools which were used in drilling the well was executed and delivered by plaintiff to defendant, and its foreclosure, at or about the time that plaintiff stopped work on the well. A reply was filed and a trial of the issues resulted in a verdict and judgment for the plaintiff. The defendant asks a review in this court of the proceedings had in the trial court.

The plaintiff did not offer any proof of the allegations of false representations; hence that feature of the case may be dismissed without further notice. It was admitted, or undisputed, that the contract was made; that plaintiff commenced and prosecuted the proposed labor. The evidence was conflicting as to whether it was abandoned by him, or its further progress was prevented by defendant, but we must conclude from the verdict of the jury that it was one of its findings of fact that the defendant, by his actions and orders in the premises, caused the cessation of the work on the well. In regard to how much had been done, or how many feet had been drilled,

there was also a conflict in the evidence; but here it is also clear, from the verdict rendered, that the jury settled the question in favor of plaintiff to the effect that he had drilled to the depth of 480 feet, in which he had also inserted the required iron tube or pipe to a depth of 383 feet and 8 inches. The findings in the two particulars to which we have just alluded each had sufficient evidence in its support, and as the evidence was conflicting, in accordance with the established rule of this court, neither will be disturbed.

It is one of the assignments that the trial court erred in not giving in the charge to the jury the second instruction requested for defendant. This instruction was as follows: "You are instructed that if you find from the evidence that the defendant held a mortgage on the plaintiff's well-boring machinery, and that the debt, which was secured by said mortgage, was due, that the defendant had the right to demand payment from the plaintiff according to the tenor of said notes; and if payment was not made, that the defendant had the right to foreclose his mortgage and that such foreclosure would not amount to a discharge of the plaintiff by the defendant." The matters of the mortgage and the defendant assuming possession of such of the machinery, etc., as was being used by plaintiff in the work on the well, simultaneously with the direction to plaintiff to quit the work, were of the evidence, but collaterally or incidentally, and not as pertinent or bearing either directly or indirectly on the important element or question of the issues, viz., whether the plaintiff abandoned the work or was compelled to quit by defendant. It was not claimed, nor did the evidence in relation to the mortgage and its enforcement by defendant even remotely hint at a conclusion, that the defendant's assertion of his rights thereunder effected the discharge of the plaintiff from further work on the well. The jury could not be misled by this evidence to the indulgence of any such erroneous supposition. The instruction quoted was not applicable to the issues and its refusal was not prejudicial; hence not erroneous.

It is assigned as error that the trial court gave paragraphs 1 and 2 of the charge to the jury. It is also urged that the evidence was insufficient to sustain the verdict. The complaint in regard to the instructions is that they announced the wrong measure of damages in that the jury were informed that the plaintiff, if allowed to recover, should have $1 per foot for each foot of the depth of the well completed, in which the iron pipe had been placed, and seventy-five cents per foot for each foot drilled in which the pipe had not been placed at the time plaintiff quit work. The only proof of the reasonable value of the work which had been performed was of the amount of $1 per foot, which had been agreed upon in the contract between the parties, as to the completed portion of the well, and the same amount less the cost per foot of the iron tube, which was proven to be twenty-five cents, for the portion of the well drilled but not equipped with the pipe. This, it is urged, was not admissible to show the reasonable value of the plaintiff's services; hence the instructions stated an improper measure of damages; and further, there was no evidence on the subject of damages to support the verdict. It is undoubtdly true that where a party seeks to recover upon a *quantum meruit* for services rendered, the stipulations of the contract under which the work was performed, as to compensation, do not govern in fixing the amount to which the suitor will be entitled to recover, but such stated rates are competent evidence tending to show the value. (2 Sutherland, Damages, 522.) "Under a *quantum meruit* count for services rendered under a special contract, the contract is admissible in evidence to prove the value of the services." (*Thomson-Houston Electric Co. v. Berg*, 30 S. W. Rep. [Tex.], 454; *Adams v. Burbank*, 37 Pac. Rep. [Cal.], 640; *Jenney Electric Co. v. Branham*, 41 N. E. Rep. [Ind.], 448.) The case of *Williams v. Sherman*, 7 Wend. [N. Y.], 109, was an action on *quantum meruit* for work and labor performed under an agreement by which the compensation was fixed. The only evidence introduced as to the reasonable value of the

labor was the contract to pay a specified sum, and it was held to govern the question of damages. In the case at bar the only evidence introduced by either party of the value of the work performed was the rate per foot specified by the contract of the parties. The defendant did not object to this as evidence, or offer or suggest any other. The plaintiff offered proof of the reasonable value of the services, other than the contract price, but, on objection of defendant, this was held not admissible. The sum per foot to be paid, as stated in the contract, was, as we have determined, competent evidence of the reasonable value, and, being the only evidence on the subject, presented the proper measure of damages. In regard to the portion of the well on which the work of drilling had been done but the pipe had not been inserted, the court received evidence of the cost of the pipe per foot, and deducted this from the contract price per foot of a foot of the well with the tube inserted, and adopted the remainder as the measure of damages, or the proper amount as shown by the evidence to be assessed in favor of plaintiff for each foot of the partially completed portion of the well. We can discover nothing unfair in this, all the evidence considered, and certainly nothing, under all the facts and circumstances in evidence, prejudicial to the defendant.

Our attention has not been challenged to any errors in the proceedings of the trial prejudicial to the rights of the complaining party. The judgment of the district court must be

AFFIRMED.