JAMES P. BALL V. CHARLES H. BEAUMONT ET AL.

FILED FEBRUARY 9, 1900.        No. 9,145.

| 59 | 681 |
| 61 | 698 |

1. **Pleading**: LEGAL FICTIONS. Under the reformed procedure it is unnecessary, in a pleading, to state legal fictions. The pleader should state the facts which constitute his cause of action in ordinary and concise language.

2. ———: FACTS IMPLIED BY LAW. It is not necessary, in a pleading, to state facts which the law implies.

3. ———: LOWER COURT: IDENTITY OF ISSUES. A cause appealed to the district court must be tried in that court upon the issues presented in the lower court.

4. ———: ———: PLEA OF IMPLIED FACTS NOT DEPARTURE. The statement, in a pleading filed in an appellate court, of a fact implied by law, but which was not stated in the pleading filed in the inferior court, does not change the issues.

5. **Amendment**: PROOF. Where a pleading has been amended by leave of court, it is error to exclude proof in support of its averments, on the ground that the amendment should not have been allowed.

ERROR from the district court of Perkins county. Tried below before GRIMES, J. *Reversed.*

*John H. Bower*, for plaintiff in error, argued that averments in the answer may cure a complaint defective in material allegations, citing *Ogden v. Ogden*, 60 Ark., 70; *Lyon v. Logan*, 68 Tex., 521; *Haggard v. Waller*, 6 Nebr., 271; *Insurance Co. v. Kelley*, 24 O. St., 345.

While it was true that under the Code, as at common law, the petition should show a promise, the word "prom-

ise" need not be used, for the law always implies a promise to do that which a party is legally liable to perform. See Andrew's Stephen's Pleading, p. 86.

*A. F. Larson* and *C. P. Logan*, for defendant in error, argued that, in an action upon a joint contract, all who are jointly liable must be joined, citing *Fox v. Abbott*, 12 Nebr., 328; *Leach v. Milburn Wagon. Co.*, 14 Nebr., 106; *Bowen v. Crow*, 16 Nebr., 556.

· *Morning & Berge* also appeared for defendant in error.

SULLIVAN, J.

This action was commenced in the county court of Perkins county and removed thence by appeal. The bill of particulars upon which the case was tried alleged that the plaintiff, James P. Ball, on October 4, 1892, paid to the Delaware County State Bank of Manchester, Ia., for the use of Beaumont and Penn, and at their request, the sum of $800, by reason of which fact there was due him $834, with interest thereon at eight per cent from April 1, 1893.

In the petition filed in the district court, the cause of action was stated as follows: "The plaintiff alleges that on the 15th day of April 1893, he paid the State Bank of Manchester, Iowa, to and for the use of the defendants, and at their instance and request, the sum of eight hundred and thirty-four dollars, which sum defendants agreed to pay plaintiff. No part of said amount has been repaid, and there is now due thereon from the defendants to the plaintiff the sum of $834, and interest from the 15th day of April, 1893."

Beaumont filed an answer in due time, and the case being called for trial, an objection was made to the introduction of evidence on the ground that the facts stated in the petition were insufficient to constitute a cause of action. Thereupon the plaintiff, without waiting for a ruling upon the objection, asked and obtained leave to amend his petition by adding to the statement

above set out the words: "which sum the defendants agreed to pay plaintiff." After the amendment had been made, defendant's counsel objected to the introduction of any evidence, for the reason that the issues on which the case was tried in the county court had been materially changed. The court sustained this objection, and gave judgment in favor of the defendants. The judgment is manifestly erroneous, and must be reversed. The amendment added nothing but a fiction to the statement already made.

Under modern procedure, the petition should set forth, in ordinary and concise language, the facts constituting the plaintiff's cause of action. See Code of Civil Procedure, sec. 92. There is no rule requiring fictions to be pleaded. It may be that to some extent fictitious averments are still permitted; but they are certainly not required. Neither the letter nor the spirit of the law now requires a party to plead what is not true. The facts stated in the county court, and in the original petition in the district court, disclose a duty resting on the defendants to repay the money expended by the plaintiff at their request and for their use. From this duty the law infers a promise, and it was unnecessary to plead it. The rule is, that what the law implies need not be averred. The plaintiff might have rested his case on the legal duty alone; but the statement, in terms of a promise by the defendants to perform their legal obligation, was, at most, harmless. See *Tessier v. Reed,* 17 Nebr., 105; *Small v. Poffenbarger,* 32 Nebr., 234; *Gannis v. Hooker,* 29 Wis., 65; *Farron v. Sherwood,* 17 N. Y., 227; *Jordan v. Morley,* 23 N. Y., 552; *Kraner v. Halsey,* 82 Cal., 209, 22 Pac. Rep., 1137; *Busta v. Wardell,* 3 S. Dak., 141, 52 N. W. Rep., 418; Bliss, Code Pleading [1st ed.], 152; 4 Ency. Pl. & Pr., 926.

The purpose of the action in both the county court and district court being to recover a sum of money paid out by the plaintiff for the benefit of the defendants, and at their request, the substantial indentity of the issues was

preserved. See *Levi v. Fred*, 38 Nebr., 564; *Sells v. Haggard*, 21 Nebr., 357; *Thompson v. Campbell*, 43 Nebr., 556.

But even if it were true that the original case had lost its identity, the court would not have been justified in denying plaintiff a trial on the merits. The amended petition was properly before the court; it had a legal standing; it stated a cause of action, and the plaintiff was entitled, as matters then stood, to sustain its averments by proof. The regularity of prior proceedings could not be questioned by an objection to testimony offered at the trial. The judgment is

REVERSED.