JOHN F. STOUT, APPELLEE, v. OMAHA, LINCOLN & BEATRICE RAILWAY COMPANY, APPELLANT.

FILED FEBRUARY 26, 1915. No. 17,945.

Action: JOINDER: CONTRACT: QUANTUM MERUIT. An action on a *quantum meruit* may be joined in a petition with an action on an express contract, and a verdict and judgment will satisfy the liability as to both claims where they have their origin in the same transaction.

APPEAL from the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*D. J. Flaherty,* for appellant.

*Halleck F. Rose, Wilmer B. Comstock, Arthur R. Wells* and *E. C. Strode, contra.*

HAMER, J.

This is an appeal from a judgment of the district court for Lancaster county. The plaintiff, John F. Stout, sued personally and as the surviving partner of Hall & Stout, to recover for services rendered by said Hall & Stout as attorneys for the defendant. Two causes of action are alleged, one upon a *quantum meruit* and the other upon an account stated. Upon the *quantum meruit* the petition seeks to recover for the reasonable value of the services. On the express contract of settlement the plaintiff seeks to recover $3,000 claimed to have been agreed upon between the parties. Both causes arise out of the same transaction —the services as attorneys. In the plaintiff's brief it is alleged that the purpose of including the two causes of action was to permit the introduction of proofs that would

sustain a recovery on one theory or the other, and so avoid a possible miscarriage or the necessity of resorting to a subsequent suit. There was a jury trial, and the jury rendered a verdict for the plaintiff in the sum of $2,800, and interest thereon from April 28, 1909, in the sum of $604.33. On this verdict a judgment was rendered for the plaintiff for the full amount, and a motion for a new trial was overruled.

In a very clear instruction to the jury the court told them: "The plaintiff's petition contains two causes of action, both of which are for recovery for the same services performed by Hall & Stout as attorneys at law for defendant. One cause alleges an express promise and agreement of defendant to pay the specific sum of $3,000 therefor, made about the month of July, 1909. The other alleges the reasonable value of said services to be the sum of $6,000. Plaintiff can have but one recovery, based on one or the other of these causes of action, and a recovery on either cause will satisfy the whole claim, which has been merely set forth in varying forms to meet whatever view the jury may take of the evidence."

It is contended by the plaintiff that the joinder of the two causes of action in the same petition is permissible and is expressly authorized by statute under section 7657, Rev. St. 1913: "The plaintiff may unite several causes of action in the same petition, whether they be such as have heretofore been denominated legal or equitable, or both, when they are included in either of the following classes: First, the same transaction or transactions connected with the same subject of action; second, contracts, express or implied."

In *Scott v. Flowers*, 60 Neb. 675, this court held that a cause of action for false imprisonment might be joined in the same petition with the cause of action for malicious prosecution when both arose out of one and the same transaction.

In *Williams v. Planters Ins. Co.*, 57 Miss. 759, it was held that, where some counts in the declaration aver the

97 Neb. 52

imprisonment in consequence of an alleged malicious pros-
ecution, 'neither converts the action into trespass and
neither constitutes misjoinder.

In *Neil v. Thorn*, 88 N. Y. 270, the charge was: "This
is an action for malicious prosecution. There is also in
the complaint a charge for false imprisonment, but it all
arises out of the same transaction. If there is a cause of
action for malicious prosecution, there is also one for false
imprisonment. If the whole thing was justifiable then
there is neither." The New York court of appeals held:
"That while, in the strict and technical sense, evidence to
sustain an action for false imprisonment would not sus-
tain one for malicious prosecution, yet as the complaint in
fact contained but one cause of action, i. e., malicious
prosecution which included the arrest, and as the state-
ment in no way subjected defendants to increased dam-
ages there was no error authorizing a reversal."

In *Brinkman v. Hunter*, 73 Mo. 172, it is said in the
body of the opinion: "It is well settled in this state that
the provision of the code requiring the plaintiff to set forth
in his petition 'a plain and concise statement of the facts
constituting a cause of action, without unnecessary repe-
tion,' does not prohibit the statement of a single cause of
action in different counts, for the purpose of so varying
the form of the statement as to meet any possible state of
the proof. * * * Where two distinct and different
claims are based upon the same instrument, although the
plaintiff may be entitled only to a single satisfaction, both
may be stated in the same petition, and should, of course,
be stated in different counts. *Birdseye v. Smith*, 32 Barb.
(N. Y.) 217; Bliss, Code Pleading (3d ed.) sec. 120. In
neither case can the court compel the plaintiff to elect
upon which count he will proceed."

In *Badger Telephone Co. v. Wolf River Telephone Co.*,
97 N. W. 907 (120 Wis. 169), it was held: "Under Rev.
St. 1898, sec. 2647, authorizing the uniting of causes of
action on contract arising out of the same transaction, or
connected with the same subject of action, a cause of action
to recover the reasonable value of certain personal property

Stout v. Omaha, L. & B. R. Co.

sold to defendant was properly joined with an action to recover on a contract for the sale of the same property, to be paid for in capital stock of defendant corporation; plaintiff having alleged delivery of the property, and a demand on defendant to deliver the stock and its refusal, together with the cash value of such stock."

In *Waterman v. Waterman*, 81 Wis. 17, it was held that an action for a *quantum meruit* could be joined with an action on an express contract.

In *Cowan v. Abbott*, 28 Pac. 213 (92 Cal. 100) it was held: "Under Code Civil Procedure, sec. 427, providing that plaintiff may unite several causes of action in one complaint arising out of contracts, plaintiff may allege (1) that he rendered services reasonably worth a certain sum; and (2) an express contract, whereby defendants agreed to pay him the salary usually paid for such services, reasonably worth a stated amount, and, in addition, a bonus of $1,000 if he accomplished a certain result."

The defendant was not subjected to any hazard of double recovery. A single verdict with judgment upon it must extinguish the liability. The instruction of the trial court sufficiently protected the defendant.

The evidence shows a large amount of legal labor, most of it of a not very important character. What amount should be paid for these services was submitted to the jury under the instructions of the court. These instructions seem to be fair. There is evidence to sustain the verdict. The judgment of the district court is

AFFIRMED.

MORRISSEY, C. J., LETTON and ROSE, JJ., not sitting.