THOMAS UMBERGER ET AL., DOING BUSINESS AS THE UNION AIR SERVICE, APPELLEES, V. ROY A. SANKEY, APPELLANT.

50 N. W. 2d 346

Filed November 30, 1951. No. 33028.

*T. R. P. Stocker*, for appellant.

*Hammond & Parker*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action to recover the reasonable value of labor and materials furnished by the plaintiffs in repairing an airplane belonging to the defendant. The verdict of the jury was for the plaintiffs in the amount of $455.40. Judgment was entered for this amount with interest from June 1, 1947, and costs. The defendant appeals.

Plaintiffs were partners doing business as the Union Air Service at the Union Airport in Lincoln, Nebraska. They were engaged generally in the sale, operation, and servicing of airplanes and in approved licensed flight and pilot instruction. On October 22, 1946, there was a collision between a plane owned by the plaintiffs, operated by a student pilot engaged in taking flight training from plaintiffs, and a plane owned and operated by the defendant. Plaintiffs repaired defendant's plane. They testified that the reasonable value of the new parts required and the services rendered was $455.40. The evidence is sufficient to sustain the jury in finding this amount as the reasonable value of the repairs made.

The defendant asserts, however, that he never requested plaintiffs to make the repairs and that it was his understanding they were to be made without cost to him because the accident was the result of negligence on the part of the pilot flying plaintiffs' plane. The defendant testified that Ayabe, one of the partners, told him that plaintiffs were going to fix the planes, that they carried insurance and would check to see if it covered the damage to defendant's plane. Ayabe denies that he ever told defendant that plaintiffs would repair the plane without charge. The other two partners, Umberger and Nelson, also deny that any such statement was made to the defendant.

The plaintiff Umberger testified that defendant had been a customer of the plaintiffs for about two years. He said that on the day after the accident the defendant asked how soon they could get the airplane repaired.

Defendant stated he had a prospective buyer for the plane, that he wanted it repaired as soon as possible, and requested that parts be ordered by telephone. Umberger testified that defendant's plane was disassembled, the parts ordered by telephone, and on the arrival of the parts the plane was repaired. Plaintiff Nelson testified to similar conversations with the defendant as to the repair of the plane. Nelson testified also that defendant never claimed the repairs were to be made at plaintiffs' expense until after defendant's plane had been put in flying condition.

The foregoing issues were for the jury to determine. The evidence is clearly sufficient to sustain the finding of the jury that plaintiffs' version of the facts was the correct one.

Defendant contends there was a fatal variance in the pleading and proof, and that the court erred in refusing instructions tendered by the defendant and in giving certain instructions on the court's own motion.

The petition alleges in part that defendant is indebted to plaintiffs in the sum of $455.40 for labor and materials furnished in repairing defendant's airplane, "which repairs were made upon said aircraft by the plaintiffs at the defendant's request on or about October 23, 1946, and upon his oral agreement to pay therefor; that the charge of $455.40 is a reasonable value of the labor and materials furnished; * * *." The evidence shows that there was no express oral agreement to pay for the repairs. It is contended by the plaintiffs that the promise to pay for the repairs was implied when defendant requested the repairs to be made. Defendant asserts that the implied agreement to pay for the repairs constitutes a variance from the petition which alleges "his oral agreement to pay therefor."

It is the rule in pleading a cause of action based on quantum meruit for the reasonable value of labor and materials furnished that an allegation of a promise to pay impliedly exists in the pleading. The petition be-

fore us is not one based upon contract. It is for the reasonable value of labor and materials furnished for which there must be implied agreement to pay. The fact that the petition alleges an oral agreement to pay when the evidence shows only an implied promise to pay does not change the nature of the action. It is still an action to recover for labor and materials furnished based on quantum meruit, and the use of the words "upon his oral agreement to pay therefor" does not in any manner change the identity of the cause of action. There is not, therefore, a variance in the pleading and proof within the meaning of the rule for which defendant contends. In any event, this court has held that a single cause of action may be set forth in more than one form of action so as to meet any possible state of the proof. In Stout v. Omaha, Lincoln & Beatrice Ry. Co., 97 Neb. 816, 151 N. W. 295, we held that an action on a quantum meruit may be joined with an action on an express contract where the verdict and judgment on either will satisfy the liability on both, where the origin of both is in the same transaction.

In Ball v. Beaumont, 59 Neb. 631, 81 N. W. 858, a case similar in principle to the one before us, the court said: "It may be that to some extent fictitious averments are still permitted; but they are certainly not required. Neither the letter nor the spirit of the law now requires a party to plead what is not true. The facts stated in the county court, and in the original petition in the district court, disclose a duty resting on the defendants to repay the money expended by the plaintiff at their request and for their use. From this duty the law infers a promise, and it was unnecessary to plead it. The rule is, that what the law implies need not be averred. The plaintiff might have rested his case on the legal duty alone; but the statement, in terms of a promise by the defendants to perform their legal obligation, was, at most, harmless." In the case before us the law implies a promise to pay when the

materials and labor were requested. It was not necessary to plead the promise to pay which the law implies. The pleading of such a promise was therefore not essential and was, at most, harmless. It added nothing but a fiction to the pleading and can afford no basis for a claim of a fatal variance between the pleading and proof.

We have examined the instructions given and refused by the court. The claimed primary error is dispelled by our holding on the claim of fatal variance in the pleading and proof. No prejudicial error in the giving or refusing of instructions is shown. ·

The record shows that the trial court entered a judgment for interest at 6 percent per annum beginning six months after the date of the last item. This portion of the judgment appears to have been based on that part of section 45-104, R. S. 1943, which provides: "Unsettled accounts between parties shall bear interest after six months from the date of the last item thereof." The defendant contends that interest should be allowed from the date the judgment was rendered.

In this respect we point out that this is an action based on quantum meruit upon an implied promise to pay the reasonable value of the labor and materials furnished. There is no specific standard by which such reasonable value is to be determined. In the present case the records of the plaintiffs showing the costs of the labor and materials used, which are testified to as being their reasonable value, were offered in evidence for this purpose. This does not constitute the action as one based on an unsettled account within the purview of the statute. In fact an action based on quantum meruit is not a suit upon an account at all and section 45-104, R. S. 1943, has no application thereto. Pollard v. Carlisle (Mo. App.), 218 S. W. 921; Sidway v. Missouri Land & Live Stock Co., Limited, 187 Mo. 649, 86 S. W. 150.

Interest is allowable in the present case from the date the judgment was rendered. The judgment is hereby

886

so modified. It is correct in all other respects and it will be affirmed as modified.

MODIFIED AND AFFIRMED.