WILLIAM V. RODGERS, APPELLANT, v. EDWARD C. F. JORGENSEN ET AL., APPELLEES.

67 N. W. 2d 770

Filed December 28, 1954. No. 33556.

*Hammes & Hammes,* for appellant.

*L. B. McDonald, Young, Williams & Holm,* and *Edmund D. McEachen,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an action instituted in the district court for Douglas County by William V. Rodgers for the purpose of foreclosing a mechanic's lien on the home property of Edward C. F. and Cora C. Jorgensen, husband and wife, located at 5818 Florence Boulevard, in Omaha, Nebraska. The trial court found the Jorgensens were not indebted to the plaintiff and, because thereof, dismissed the petition. Plaintiff filed a motion for new trial and, from the overruling thereof, perfected this appeal.

The Rivett Lumber & Coal Company, also referred to as the Rivett Lumber Company, admittedly, at the request of appellant, furnished most of the materials that were used in repairing and remodeling the Jorgensens' home. There was a balance due on this account. The company filed a mechanic's lien on the Jorgensens' property for this balance and made a claim in this proceeding therefor, including a charge of $4.50 paid for filing its lien. The trial court found there was due on this claim the sum of $771.92. There is no dispute as to this amount, which the Jorgensens have paid. We shall, for convenience, hereinafter refer to the Jorgensens as appellees.

The appellees' home was apparently completely remodeled and extensively repaired by appellant, who furnished all labor and materials for that purpose. In regard thereto appellant alleged: "* * * for which repairing and remodeling plaintiff agreed to furnish all materials and necessary labor at a total cost to him, plus a 10% profit making no additional profit on his own labor for which he was to receive his regular wages."

In this regard appellees alleged they: "* * * employed Plaintiff by oral contract to repair and remodel defendants' home on the above described property; to furnish all labor and all materials in the repairing and remodeling of said premises for the agreed price of $2000.00 and to have said repairs and remodeling completed within three weeks from said date."

Appellant suggests that since we have held mechanic's lien statutes should be liberally construed so as to effectuate their objects and purposes, and thus protect claimants thereunder, that we should here permit appellant to recover the fair and reasonable value of the labor and materials he furnished and supplied in remodeling and repairing appellees' home. He states this in his brief as follows: "If, on a trial de novo, this Court should find that the evidence does not establish any clear and convincing express contract between the parties as to a compensation agreed upon but rather establishes that the minds of the parties never expressly met as to the specific compensation to be paid, then we submit that the law would imply a contract for the reasonable value of all labor and materials which Rodgers furnished that went into the improving, remodeling and repairing of the Jorgensen house."

Such right to recover would be on quantum meruit and based upon an implied promise to pay the reasonable value of the labor and materials furnished. See Umberger v. Sankey, 154 Neb. 881, 50 N. W. 2d 346.

It is true that: "An action on a quantum meruit may be joined in a petition with an action on an express

contract, and a verdict and judgment will satisfy the liability as to both claims where they have their origin in the same transaction." Stout v. Omaha, L. & B. Ry. Co., 97 Neb. 816, 151 N. W. 295. See, also, Umberger v. Sankey, *supra*.

In this regard we said in Umberger v. Sankey, *supra:* "In the case before us the law implies a promise to pay when the materials and labor were requested. It was not necessary to plead the promise to pay which the law implies. The pleading of such a promise was therefore not essential and was, at most, harmless. It added nothing but a fiction to the pleading and can afford no basis for a claim of a fatal variance between the pleading and proof."

And, "A prayer for general relief in an equity action is as broad as the pleadings and the equitable powers of the court." Gibson v. Koutsky-Brennan-Vana Co., 143 Neb. 326, 9 N. W. 2d 298. See, also, Halligan v. Elander, 147 Neb. 709, 25 N. W. 2d 13.

However, "A party may at any and all times invoke the language of his opponent's pleading, on which a case is being tried, on a particular issue, and in doing this he is neither required nor allowed to offer such pleading in evidence in the ordinary manner." Gibson v. Koutsky-Brennan-Vana Co., *supra*.

As stated in Bonacci v. Cerra, 134 Neb. 476, 279 N. W. 173, quoting from 2 Wigmore, Evidence (2d ed.), § 1064, p. 536: " 'The pleadings in a cause are, for the purposes of use in that suit, not mere ordinary admissions, * * * but judicial admissions * * * i. e., they are not a means of evidence, but a waiver of all controversy (so far as the opponent may desire to take advantage of them) and therefore a limitation of the issues. Neither party may dispute beyond these limits. Thus, any reference that may be made to them, where the one party desires to avail himself of the other's pleading, is not a process of using evidence, but an invocation of the right to confine the issues * * *.' "

By his pleadings we find appellant here limited his right to recover to the oral contract pleaded, which appellees have denied, and thereby placed upon himself the burden of proof to establish such contract.

On appeal we shall consider the record de novo. The principle applicable is stated in York Brick & Tile Co. v. Ude Motor Co., 123 Neb. 154, 242 N. W. 361, as follows: " 'In all appeals from the district court to the supreme court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the supreme court to retry the issue or issues of fact involved in the finding or findings of fact complained of on the evidence preserved in the bill of exceptions, and upon trial de novo of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof.' Comp. St. 1929, sec. 20-1925."

However, as stated in O'Brien v. Fricke, 148 Neb. 369, 27 N. W. 2d 403: "Actions in equity, on appeal to this court, are triable de novo in conformity with section 25-1925, R. S. 1943, subject, however, to the condition that when the evidence on material questions of fact is in irreconcilable conflict this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying and must have accepted one version of the facts rather than the opposite." See, also, Rettinger v. Pierpont, 145 Neb. 161, 15 N. W. 2d 393.

The evidence shows that on three different occasions in the latter part of July or the first few days of August 1952 appellant talked with the appellees, or one of them, about the remodeling and repairing of their home. These conversations took place at the appellees' home. Appellant testified that on the second of these visits Jorgensen told him to go ahead with some cement work

which appellant had told him he would do for $72. This work was completed. While doing this work appellant testified a third conversation was had. This conversation he testified related to other repairing and remodeling, particularly about leveling the house and putting a support beam in the basement. Appellant testified he told Jorgensen, " '* * * I don't give a set price on work for remodeling. Our work is cost plus ten per cent profit on labor and materials, and I furnish the tools and bring the equipment and there is no extra charge on my labor.' " That Jorgensen then replied, " 'Go ahead.' " Appellant testified that thereafter all materials were furnished and work was performed on appellees' home pursuant to this arrangement and that he never gave or agreed to any fixed price therefor. The bill he submitted to Jorgensen on November 3, 1952, after all of the work had been completed on November 1, 1952, was on this basis. Thereafter, on November 11, 1952, appellant went back to the appellees' home and fixed whatever appellees had objected to as unsatisfactory. On November 19, 1952, Jorgensen paid appellant $500, this payment making a total of $2,000 that has been paid.

On the other hand Jorgensen testified the matter of what was to be done in the way of remodeling and repairing the home was fully and specifically discussed with appellant on two different occasions; that appellant, after carefully checking what was needed in the way of labor and materials to do this remodeling and repairing made a bid of from $1,950 to $2,000 to fully perform it, appellant to furnish all the labor and material needed for that purpose; that he accepted the bid; that appellant did the remodeling and made the repairs; and that he has paid appellant the $2,000. Mrs. Jorgensen testified to the same agreement. Appellant denies having made any such agreement.

We think there are many discrepancies and inconsistencies in the testimony of the appellees that cast

serious doubt as to the correctness thereof. We shall set out a few.

A steel beam was used in the basement in connection with leveling the house. Appellant told Jorgensen that the beam would cost him $80. Jorgensen inferred the price was too high, that he thought he could get it cheaper. This he did, paying $45. Jorgensen admits that under his theory of the agreement it was appellant's responsibility to furnish the beam and pay for it, yet he never asked appellant to refund the purchase price nor did he deduct it from any payments he made to appellant. He finally stated: "* * * could you blame me if I got it cheaper?" It is a little difficult to understand this action of Jorgensen, and his reasons therefor, except that the agreement was as appellant testified.

Jorgensen testified the first time appellant came out to the house he came out with a man by the name of Ernie and that appellant and Ernie made a check of what was to be done but no agreement was discussed at that time; that the second time appellant came out he came out by himself to make a recheck but no agreement was made at that time; and that the third time appellant came out Simonds came with him and was present when they talked price and entered into the agreement. Later in his testimony Jorgensen testified that although Simonds was there on the occasion of the agreement being made no discussion of price was had in his presence. Mrs. Jorgensen testified to these three occasions when appellant came out but said the contract was entered into prior to the time Simonds came out with appellant. David Franklin Simonds, the party referred to and the carpenter who helped appellant on the job, denies being present on this occasion and testified he was never at the appellees' home before August 11, 1952, which was over a week after appellant actually started to do the work.

It is also significant that in the first instance the Jorgensens, in attempting to state all that was to be included

in the contract, failed to include such items as the work done on the garage and the insulation in connection with lowering the ceilings.

It is also significant, if a definite contract price was to be agreed to, that no written plans or specifications of the work to be done and materials needed were ever drawn up since the job involved a very substantial amount of remodeling and repairing of a large two-story frame house. The work included remodeling and repairing the boy's bedroom, front entrance, living room, dining room, master bedroom, bathroom, kitchen, pantry, and rear entrance on the first floor; same to the apartment on the second floor; repairs in the basement, including the leveling of the house; cement work outside; and repairs to the garage.

It is apparent that the work that was to be done was determined from day to day; that the material bill indicates material was ordered and delivered on that basis; and that after the work planned was begun the appellees, particularly Mrs. Jorgensen, from time to time added thereto and made changes therein.

We think the evidence shows, as Mrs. Jorgensen stated, that they had appellant come out to their home to make an estimate of what it might cost them to have their home remodeled and repaired. This is supported by Jorgensen's testimony that appellant said the labor and material to complete the job would cost between $1,950 and $2,000; that is, $2,000 or less.

The record is filled with testimony of the appellees that they were dissatisfied with the work and told appellant of that fact. In this regard the record shows that after the work was completed on November 1, 1952, and appellant had, on November 3, 1952, presented his bill for $4,000.37, appellant and Simonds went out to the house on November 11, 1952, and made some adjustments. No claim for damages was made by appellees in their answer and cross-petition nor did they attempt to show they were damaged thereby.

We find appellant furnished the labor and material for the job pursuant to the contract he alleged, presented his bill to appellees on that basis, filed his lien based thereon, and is entitled to recover accordingly.

In addition to the cement work, which he agreed to do for $72, and his own services, appellant furnished $1,185.60 of labor and $1,409.57 of material. On these two items he is entitled to 10 percent or $259.52. His own labor was $1,041.95. He paid a fee of $2.25 for filing his mechanic's lien. This is a total of $3,970.89. Of this amount appellees have paid appellant $2,000. They are also entitled to have a credit thereon for the lien of the Rivett Lumber Company, which they paid, leaving a balance owing of $1,198.47. This amount appellant is entitled to recover from appellees with interest at 6 percent from May 11, 1953, and all costs of this litigation. Appellant should be given a lien on appellees' property therefor with direction that if it is not paid within the time fixed by the court that a foreclosure thereof be had by a sale of the property.

In view of the foregoing we reverse the judgment of the trial court and remand the cause with directions to enter a decree in accordance herewith.

REVERSED AND REMANDED WITH DIRECTIONS.