S. A. SORENSEN CONSTRUCTION CO., APPELLEE AND CROSS-APPELLANT, v. ROY F. BROYHILL ET AL., APPELLANTS AND CROSS-APPELLEES.

85 N. W. 2d 898

Filed November 8, 1957. No. 34187.

*Sherman W. McKinley, Jr.,* for appellants.

*Edward L. Moran* and *Mark J. Ryan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action to foreclose a mechanic's lien instituted by S. A. Sorensen Construction Co., a copartnership, plaintiff, and appellee and cross-appellant, against Roy F. Broyhill and Arline Broyhill, defendants, and appellants and cross-appellees. By cross-petition filed in the action the defendant Roy F. Broyhill sought to recover a money judgment against the plaintiff. The case was tried to the court at the conclusion of which the court found that the lien was valid and that there was an indebtedness of defendants to plaintiff in the amount of $3,862.01, and decree of foreclosure was rendered accordingly. The cross-petition of defendant Roy F. Broyhill was dismissed. Thereafter there were proceedings whereby the decree was vacated and later re-entered. These proceedings however have no controlling significance on this appeal except that there is no motion for new trial made by the defendants here for consideration. A motion for new trial was filed by them after the original rendition of the decree but it was withdrawn.

From the decree as re-entered the defendants have appealed. The plaintiff has cross-appealed.

The basis of the action as declared by the petition is that in the summer of 1952 the plaintiff and the defendant Roy F. Broyhill entered into an oral agreement for the repair of a house on real estate which was owned by the defendant Roy F. Broyhill, by the terms of which the plaintiff was to furnish the material, work and labor, and supervision to make the repairs; that the plaintiff in performance under the agreement furnished work and labor, supervision, and material of the reasonable value of $20,578.34; and that the defendants were entitled to credit upon this amount of $11,013.82,

which left due and owing from the defendants $9,564.52. The prayer was for the recovery of this amount.

The defendants by answer in substance asserted the existence of an oral agreement for the repair of the house but declared that the plaintiff agreed to make the repairs and furnish the material therefor for a firm or fixed price of $10,000, except that in the event of changes from the orginal plans the plaintiff was to be paid additionally therefor; and that there were changes which would have increased their obligation by $1,400 if there had been full performance.

By cross-petition the defendant Roy F. Broyhill asserted that the plaintiff received in payment directly and indirectly $12,719.83 which was $1,319.83 in excess of the agreed price; that the repair of the house was not completed by plaintiff; that the cost of completion of the repair was $3,960; and that the total of the excess payment and the added cost of completion was $5,279.83. For this amount the defendant Roy F. Broyhill prayed judgment.

There were other pleadings whereby there was a joinder of the issues presented by the petition and cross-petition. They do not require review here except to say that the plaintiff denied that an agreement for a firm or fixed cost of repair was ever entered into, and to say that in amendment to the petition made after the trial the plaintiff prayed in the alternative for recovery on an oral cost-plus agreement or quantum meruit.

As grounds for reversal the brief of defendants contains six assignments of error. The fourth requires first consideration. The court decreed a recovery in favor of the plaintiff on the theory that the contract between the parties entitled the plaintiff to recover upon quantum meruit for the work and labor performed and the materials which were supplied. By the fourth assignment of error it is contended that any action upon quantum meruit was barred by the statute of limitations. It is urged that the cause of action as originally pleaded

was for recovery under a cost-plus agreement, and not in any sense on quantum meruit; that the cause of action on quantum meruit was not pleaded until the amendment of the petition after trial was made; and that this amendment amounted to the statement of a new cause of action which new cause of action was barred by the statute of limitations since it was pleaded more than 2 years after the filing of the lien. Section 52-103, R. S. Supp., 1955, limits the time for commencement of action after filing lien to 2 years.

The assignment is without merit. No new cause of action was pleaded by the amendment to the petition. The action pleaded in the original petition was on quantum meruit. This becomes readily apparent on examination. An action on quantum meruit is properly pleaded when the petition alleges a right of recovery for the reasonable value of labor and materials for which there was an express or implied agreement to pay. See Umberger v. Sankey, 154 Neb. 881, 50 N. W. 2d 346. The original petition in the case conforms to this requirement. The pertinent language contained therein is the following:

"That sometime in the summer of 1952, the plaintiff and defendant entered into an oral contract for the alteration, remodeling and improvement of the dwelling house situated on the above described real estate; that thereafter on or about September 5, 1952, the plaintiff furnished certain lumber and building materials * * * and furnished certain labor and supervision for the alteration, remodeling and improvement of said dwelling house; * * *.

"That the said Roy F. Broyhill promised and agreed by verbal contract to pay the plaintiff for the lumber and materials so furnished by the plaintiff and for the work and labor and supervision furnished * * * the fair and reasonable value of which was the sum of $20,578.34; * * *."

The prayer was for an accounting of the amount due

together with the other relief which is ordinarily incident to a decree of foreclosure of a mechanic's lien.

It is a fact that on the trial the plaintiff attempted to sustain a right of recovery under an oral agreement for compensation on what is commonly called a cost-plus agreement but it may not well be said that any benefit flowed from that to the defendants under the fourth assignment of error.

The remaining assignments of error, except the sixth, have reference to the question of whether or not on the evidence and applicable principles of law the plaintiff sustained a right of recovery. Separate and specific reference to them is not required.

The parties agree that the contract was verbal. They likewise are in accord as to the purpose to be accomplished by the contract. They are not in accord as to its character. As pointed out the plaintiff declared upon a contract based upon quantum meruit. It attempted on the trial to prove a cost-plus agreement. In this it wholly failed.

The evidence of the plaintiff unequivocally disclosed that there was no such agreement. The evidence of the plaintiff disclosed that it assumed that it was to be paid for the material and labor on a cost-plus basis. The assumption was based solely and alone on the fact that it was paid on two other contracts on a cost-plus basis. There was no evidence of any agreement that the basis for payment on the agreement under consideration here was to be the same as that of the other two agreements.

The defendants contended that the agreement was that the plaintiff was to perform the agreement and therefor receive in payment $10,000 and additionally for such changes as were made at the request of the defendants.

The work contemplated by the agreement was not completed by the plaintiff. This fact however is not relied upon by the defendants in their briefs as a de-

fense against a right of recovery in the action, hence the reasons therefor will not be discussed herein.

As pointed out there was a failure of proof by plaintiff of a cost-plus agreement. By the decree the plaintiff was allowed to recover on quantum meruit. This was proper if it sufficiently pleaded and proved a right of recovery on that theory. It has already been pointed out that it did sufficiently so plead.

It becomes necessary now to examine the facts and from this examination to determine whether the agreement was one requiring payment on a quantum meruit basis or on the basis of an agreed price, and if on a quantum meruit basis the amount of the obligation of the defendants. It is pointed out here that the record discloses without question that if the agreement was entered into on the basis contended for by the defendants the plaintiff has already received payment and credit in excess of that to which it was entitled.

The evidence on these questions is in irreconcilable conflict, hence this court has resort to the following rule: "Where the evidence on material questions of fact in an equitable case triable de novo is in irreconcilable conflict, this court will, in determining the weight of the evidence, consider the fact that the trial court observed the witnesses and their manner of testifying, and accepted one version of the facts rather than the other." Timmons v. Nelsen, 159 Neb. 193, 66 N. W. 2d 406.

The evidence of the parties to the action as to the character of the contract is in direct opposition. Stanley R. Sorensen, a member of the partnership, in clear effect testified that the plaintiff agreed to perform the work and furnish the necessary material but that there was no agreement as to the pay that was to be received therefor. He further testified in effect that he assumed that the payment was to be on a cost-plus basis since that was the basis for payment on two other contracts one of which had not been completed at the time this agreement was made.

The defendants on the other hand testified in sub-stance that the plaintiff, through Stanley R. Sorensen, agreed to perform the agreement for $10,000 plus the cost of extra work and material made necessary by addi-tions and changes not contemplated by the agreement.

It becomes apparent that a search must be made beyond the direct testimony of the parties to ascertain the character of the agreement and the rights and liabil-ities under it. Looking elsewhere the record discloses that the plaintiff offered evidence which was received without objection that the cost of the material which was used was $8,318.62. It offered evidence in the form of statements prepared and itemized from its office rec-ord that the cost of labor was $8,795.67. This evidence as to cost of labor was objected to and the objection was sustained. Later the office record itself was offered and received in evidence.

Statements for material and labor were presented to the defendants. As to material they contained the cost of material to which a charge in the amount of 10 per-cent for supervision was added. Also included in the total charge for material was a discount received by the plaintiff from the material supplier in the amount of $626.55. On the labor they contained charges for the labor furnished to which was added a charge of 11 per-cent for insurance and social security. Up to the time that the dispute arose as to the character of the agree-ment the defendants made payments in conformity with the amounts appearing upon the current statements.

The work and material to be furnished was for the repair of an old structure. In the very nature of things, without getting behind the existing surfaces, the amount of material and labor required for performance could not be known.

There were no written specifications prepared or sub-mitted for the work to be performed. The defendants testified that there were verbal specifications. Evidence

of verbal specifications except as to certain finished and completed aspects does not appear.

Taking into consideration these particular aspects of the evidence, the testimony of the parties, and the fact that the trial court accepted the version of the plaintiff rather than that of the defendants the conclusion reached is that the agreement was not for a fixed price.

It becomes necessary therefore to find what, if anything, under the evidence adduced the plaintiff is entitled to recover quantum meruit from the defendants. The question of material and proof of its reasonable value will be considered first.

The question of the quantity of material which was purchased by the plaintiff for use and used is not seriously in dispute. The plaintiff's evidence discloses that it was so purchased and used. The only substantial contention of the defendants with regard to it was that some of it was removed and not used. There is no evidence as to description or quantity removed. There is only a bare general contention that some was removed. This was not sufficient to overcome the evidence of furnishing and use. It is held therefore that the evidence of plaintiff sufficiently establishes the amount of material furnished.

As to the value there is no testimony stating directly and specifically that the amounts set opposite the items listed were the reasonable value thereof. The testimony showed that this was the cost. However there is evidence from which a reasonable inference flows that this was the reasonable value. We think however the evidence as to cost and a lack of any effort on the part of the defendants to show that this was not the reasonable value was sufficient as prima facie proof of reasonable value. In Umberger v. Sankey, *supra*, it was said with regard to proof of reasonable value of labor and materials furnished: "There is no specific standard by which such reasonable value is to be determined."

It is concluded that this observation is applicable in the present instance.

As to the amount of labor furnished the conclusion reached is that the evidence of plaintiff is sufficient to sustain its cause of action. There was no evidence of probative value to the contrary.

As pointed out the plaintiff offered in evidence its permanent records as to the amount of work performed under the agreement in question and the charges made therefor. These records were properly identified, the mode of preparation was described, and a qualified witness testified that they were made in the regular course of business near the time that the work was performed. These records were admissible for the purposes declared in section 25-12,109, R. R. S. 1943, as follows: "A record of an act, condition, or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition, or event, and if, in the opinion of the court, the sources of information, method, and time of preparation were such as to justify its admission."

Whether or not the statement of charges made in these records taken alone may be regarded as proof of their reasonableness does not require decision herein. There was evidence that these charges were the going standard union rate of pay for the classes to which the employees respectively belonged, except as to one employee who was paid 10 cents an hour in excess because he was a superior workman. In Hibbard v. Wilson, 51 Neb. 436, 71 N. W. 65, it was pointed out that in an action on quantum meruit for services rendered evidence of stated rates is competent evidence tending to show the value. That is the situation here, and there is no evidence to the contrary, in consequence of which it must be said that the reasonable value of the work and labor performed was sufficiently proved.

In the light of these observations and the analysis which has been made of the record it has been concluded that the plaintiff has sustained a right of recovery quantum meruit for work and labor and material furnished in the total amount of $17,114.29. In the total amount claimed by it is a profit on material, a charge for insurance and social security, and a charge for work and supervision by one of the partners. The evidence does not sustain a right of recovery therefor.

As to supervision there is no evidence as to the amount required or reasonable value. The record fairly shows that for the most part the supervision was by a regular foreman or superintendent for whose service a regular charge was made against the defendants. There is an absence of evidence of any amount paid for insurance and social security. Attention has not been called to any rule that would allow a recovery of profit in a case such as the one presented by this record. This is not to say that profit may not be an element of recovery in an action based upon a cost-plus agreement.

It therefore appears that the plaintiff was entitled to receive for its labor and materials $17,114.29; that it received in payment and by credit $11,013.82, leaving due and owing a balance of $6,100.47; and that by the decree it was awarded $3,862.01 which was $2,238.46 less than the amount to which it was entitled.

By the sixth assignment of error the defendants urge that the court erred in dismissing their cross-petition. The cross-petition was predicated upon a right of recovery for overpayment on the agreement. In view of the finding that there was no overpayment the assignment requires no consideration.

The pertinent question presented by the cross-appeal was that of whether or not the amount decreed to be due from the defendants to the plaintiff was sufficient. This question has been decided favorably to the plaintiff, though not to the extent insisted upon, therefore the cross-appeal requires no further consideration.

On a consideration of the record de novo, it is found that the plaintiff is entitled to recover $6,100.47, instead of $3,862.01, with interest at 6 percent per annum from the date of the decree. The decree as modified is affirmed.

AFFIRMED AS MODIFIED.