H. D. CAMPBELL, DOING BUSINESS AS H. D. CAMPBELL CONSTRUCTION COMPANY, APPELLEE, V. RICHARD LUTZ ET AL., APPELLEES, IMPLEADED WITH ARTHUR J. HENDERSON, DOING BUSINESS AS HENDERSON ELECTRIC SERVICE, APPELLANT.

152 N. W. 2d 101

Filed June 30, 1967. No. 36510.

Johnston & Grossman, for appellant.

Norman Langemach, for appellee Campbell.

Kier, Cobb & Luedtke and John E. Dean, for appellees Lutz et al.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from the imposition of a fine of $100 on the defendant Arthur J. Henderson for contempt of court for refusing in open court to answer certain questions propounded in the taking of a deposition after being ordered by the court to do so. The defendant Henderson has appealed.

On April 2, 1965, the H. D. Campbell Construction Company filed its action in the district court for Lancaster County to foreclose a mechanic's lien on certain property described in its petition belonging to defendants Lutz et al. Arthur J. Henderson was made a party defendant because of a claim to a mechanic's lien on file in the office of the register of deeds in Lancaster County which plaintiff asserts to be inferior to his lien. Henderson filed an answer and cross-petition in which he asserted and sought the foreclosure of his claimed mechanic's lien against Lutz et al. It appears that Henderson was prevented by the owners from completing the construction of the building. The owners requested Henderson to submit an itemized bill for work performed. He submitted his itemized bill in the amount of $7,790.34 for work done and not paid for which he asserted to be fair and reasonable and for which he

subsequently filed his claim of lien. The owners, the defendants Lutz et al., undertook to take the deposition of Henderson regarding his claim to a mechanic's lien, which gave rise to the present litigation.

The evidence shows that Henderson was to perform the labor and provide the electrical materials required in the construction of the building. In the taking of the deposition, Henderson was asked questions about the cost of the labor and the amounts he charged over and above cost as his profit, which he refused to answer. The issue can be pointed up by quoting one of the questions asked and the answer given. Question: "All right, now how much difference was there between what you paid them and what you charged Mr. Lutz and his associates?" Answer: "I believe that the amount I may pay my employees, or the amount of profit I may be able to realize in my business in this instance is confidential, and not open to public scrutiny. I have charged Mr. Lutz and his associates what I believed to be the reasonable value of the services rendered and material required for the job, at the going rate in this community, as shown by the itemized statement, a copy of which is attached hereto. I do not believe that what I may pay my employees, costs in operating my business, or the profit or loss I may incur, is relevant or material to the question of reasonable value of the services rendered. For this reason, I elect not to answer your question." Similar questions were asked which Henderson refused to answer on the advice of counsel. In the hearing in the district court on the citation for contempt, Henderson and his counsel made it clear that the defendant was refusing to answer the questions propounded for the reason that the information sought was not relevant to the subject matter involved in the pending action, that the information sought would not be admissible at the trial of the pending action, nor would the disclosure of said information appear reasonably calculated to lead to the discovery of admissible evidence.

Answers to interrogatories of similar nature and import were also requested. They were answered in the same manner as in the deposition and will be disposed of according to the rules applicable to the scope of the examination in taking depositions.

The scope of the examination by deposition is set out in section 25-1267.02, R. R. S. 1943, as follows: "Unless otherwise ordered by the court, the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence." It is provided in part by section 25-1267.38, R. R. S. 1943: "Interrogatories may relate to any matters, not privileged, which are relevant to the subject matter involved in the pending action, and the answers may be used by any party to the same extent as testimony taken by deposition."

The defendant Henderson asserts that the charges made for labor and materials have no relevancy to their reasonable value. With this we do not agree. It may be that the charges made for labor and materials are not controlling, but they are relevant to the issue. In fact, unless questioned, such charges are sufficient to make a prima facie case of reasonable value. In Sorensen Constr. Co. v. Broyhill, 165 Neb. 397, 85 N. W. 2d 898, we said: "In Hibbard v. Wilson, 51 Neb. 436, 71 N. W. 65, it was pointed out that in an action on quantum meruit for services rendered evidence of stated rates is competent evidence tending to show the value. That is the situation here, and there is no evidence to

the contrary, in consequence of which it must be said that the reasonable value of the work and labor performed was sufficiently proved." In Umberger v. Sankey, 154 Neb. 881, 50 N. W. 2d 346, it is said: "There is no specific standard by which such reasonable value is to be determined. In the present case the records of the plaintiffs showing the costs of the labor and materials used, which are testified to as being their reasonable value, were offered in evidence for this purpose." The defendants Lutz et al. may properly assume that the charges for labor and materials will be asserted as their reasonable value. Such defendants on cross-examination have the right in questioning such charges to inquire into the amount of work done, the rates of pay therefor, and the correctness of the amount chargeable to them. We are of the opinion that the trial court correctly determined that the questions and interrogatories here involved were proper in discovery proceedings and answers thereto were proper to be coerced by civil contempt proceedings. The remedy by civil contempt is available to the defendants Lutz et al., in the instant case under the law declared in Kasparek v. May, 174 Neb. 732, 119 N. W. 2d 512, and cases therein cited.

We find no reversible error in the record and the judgment of the district court is affirmed.

AFFIRMED.