LOREN A. KOEHLER, APPELLEE, V. CARRIE M. BOYLE ET AL., APPELLANTS.

206 N. W. 2d 646

Filed April 27, 1973. No. 38634.

Richard C. Mueting, for appellants.

Vincent J. Kirby and Eugene C. McFadden, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from a judgment of the District Court foreclosing a mechanic's lien based upon an oral contract for repair services and work performed, entered into by the defendant Dorothy I. Duke as the agent of the owner-defendant Carrie M. Boyle. The defendants contend generally that the plaintiff has not met the burden of proof and that the evidence is insufficient to sustain the judgment on the basis of a quantum meruit recovery

for the services and repairs rendered. We affirm the judgment of the District Court.

The defendants assert 13 overlapping assignments of error. Boiled down, the defendants' contention seems to be that there was a fatal variance between the cause of action pled and the proof adduced, because the plaintiff pled an action for quantum meruit recovery for the services and the materials rendered and failed to prove the reasonable value of the materials and labor furnished. They further contend that the contract was limited to the sum of $300 and that the court erred in entering a judgment foreclosing the lien in the sum of $713.50. The petition in this case alleges that the defendants employed the plaintiff "under an oral contract of employment" to do certain repair work and clean-up work on the property. It further alleges that the defendants agreed to pay the plaintiff the reasonable value of his services and material and that said reasonable value of his services was in the sum of $713.50.

The evidence shows that the house upon which the services and labor were to be performed had been severely abused by the previous tenants and consequently was unsaleable. The plaintiff was employed by the defendant Dorothy I. Duke to fix-up and clean-up this property belonging to the defendant Carrie M. Boyle at the rate of $5 per hour. The evidence shows that the plaintiff was employed to do the fix-up and clean-up work for the defendants at the rate of $5 per hour and that such agreement is uncontradicted, as is the testimony of the plaintiff with respect to the time required for the completion of the work. The defendant Dorothy I. Duke herself testified as follows: "Q. Did you want only Mr. Koehler to work on your house? A. Yes. I didn't care, just so that he had gotten it done. He said he would do it all, it didn't bother me how he got it done at $5.00 an hour, I said 'You are to see that it's all done at — for $5.00 an hour.'" After hearing and observing the witnesses, the trial court found that the "evidence

is abundant that the agreement was $5.00 an hour for what work was done, * * *." The defendants nevertheless contend that there was no independent evidence establishing that $5 an hour was a reasonable charge for the plaintiff's work. In effect, the defendants ask this court to reverse the judgment in this case and order a new trial to resolve the issue of whether the $5 charge in the oral contract was a reasonable cost to charge for the services actually rendered.

The contention of the defendants is answered by the case of Hibbard v. Wilson, 51 Neb. 436, 71 N. W. 65, which held that the price agreed upon by the parties is competent evidence of the reasonable value of services rendered, and that when this is the only evidence on the subject it presents the proper measure of damages. We have reviewed the evidence of the plaintiff in this case and we observe that although no precise words were used with relation to the reasonable value of the plaintiff's services, such an inference is implicit from the whole of his testimony. We observe that the testimony of the plaintiff that he performed all the fix-up and clean-up work agreed to is contradicted; however his testimony with respect to the time required for the completion of the work is uncontradicted. We come to the conclusion that there is ample evidence to support the finding of the trial court and that there was an oral agreement at the rate of $5 an hour for what work was done; that the work was done; that it was done in a workmanlike manner; and that the reasonable value of the services under the contract was in the sum of $713.50. There is no merit to this contention of the defendants.

The defendants assert that there was a limitation of $300 on the amount to be charged. As the defendants themselves concede the evidence was in sharp conflict on this point. The resolution of this issue amounted to a swearing contest between the plaintiff and the defendants, and the trial court saw and heard the wit-

nesses and the evidence supports its finding. We find no error therein. We observe further circumstantially that the nature and extent of the work performed and contracted for, under the defendant Dorothy I. Duke's own testimony, supports the conclusion that an arbitrary limitation of $300 for the amount of the contract would have been improbable and unreasonable.

The defendants' last contention is that a new trial should be ordered on the grounds of newly discovered evidence. They say that after the trial the defendants discovered that the plaintiff had done repair work for one Virgil D. Hiatt and that such work was not done in a workmanlike manner and that the work was overcharged for. Such evidence with relation to a completely independent contract is obviously incompetent and irrelevant. There is no merit to this contention.

Summing up, the evidence in this case shows that the plaintiff was employed to do fix-up and clean-up work for the defendants at the rate of $5 per hour; and that the testimony of the plaintiff with respect to the time required for the completion of the work is uncontradicted. It further shows that the District Court, after hearing the evidence, determined that the work had been done in a workmanlike manner and that the plaintiff was entitled to recover the full amount of his bill.

The judgment and findings of the District Court are correct and are affirmed.

AFFIRMED.